157 So.2d 312 (1963)
Mrs. Jean Elizabeth Mattice McGEE
v.
William McGEE.
No. 1139.
Court of Appeal of Louisiana, Fourth Circuit.
November 4, 1963.
Frank C. Gipson, New Orleans, for plaintiff and appellee.
Lenfant & Villere, Howard W. Lenfant, New Orleans, for defendant and appellant.
Before McBRIDE, REGAN and TURNER, JJ.
McBRIDE, Judge.
In October 1947 defendant, a resident of Massachusetts and member of the United States Navy, was stationed in New Orleans where he lived with his wife. During said month she sued him for a separation from bed and board causing him to be personally cited. The wife was awarded $150 per month alimony pendente lite for herself and their two children. The defendant made appearance by filing an affidavit in the record in which he waived the immunity granted him by the Soldiers' and Sailors' Civil Relief Act and consented to judgment being rendered against him, and in due course there was judgment in favor of the wife decreeing the separation from bed and board and condemning defendant to pay plaintiff the sum of $150 per month alimony for the support and maintenance of herself and their children.
*313 In May 1949 while defendant was stationed on naval duty in China, his wife filed a petition for an absolute divorce on the ground there had been no reconciliation since the rendition of the judgment of separation from bed and board, and defendant was cited through a curator ad hoc appointed by the court to represent him. The curator communicated with defendant and subsequently filed an answer to the divorce suit which amounted to a general denial of plaintiff's allegations. Subsequently the curator filed in the record an affidavit executed by the defendant in which defendant specifically waived the immunity granted him by the Soldiers' and Sailors' Civil Relief Act and agreed to abide by "the determination of the court in this matter."
Some two years after the divorce suit was filed a judgment decreeing a divorce a vinculo matrimonii between the parties was rendered in the wife's favor; the judgment condemned defendant to pay $150 per month for the maintenance and support of herself and the two children.
It is conceded that from and after the rendition of the judgment for the separation from bed and board the alimony was paid with regularity and promptness, and the record shows that such alimony is still being paid.
In February 1962 (more than 10 years after the date of the judgment of divorce) the husband through his former curator ad hoc filed a petition in the divorce proceedings against his wife (who was then and is now a nonresident of Louisiana) reciting that the judgment for permanent alimony was entered on the basis of the husband's agreement to pay $150 per month for the support of his two minor children only, but that through an error the judgment recited that the alimony is to be paid for the wife and the two children. The husband prayed that the judgment be "amended and corrected" to show that the alimony was meant for the maintenance and support of the two children and not for the wife. The attorney who represented the wife in the separation and the divorce proceedings was appointed curator ad hoc to represent her in the husband's suit to have the judgment corrected. This curator filed certain exceptions which were overruled and then filed an answer which in effect denied there was any agreement that the alimony should be for the children only.
After a trial at which the only witnesses were the attorney for the husband and the curator ad hoc for the wife, judgment was rendered dismissing the suit for correction of the judgment and the husband has appealed.
The testimony of the two attorneys and letters written by the parties which are in evidence seem to reflect that the judgment for alimony was rendered by "consent" and that the husband had only agreed to pay alimony to the children and not to the wife, and it appears that the lower court inadvertently included the wife as a beneficiary of the alimony.
However, there is nothing that can be done to give the husband the relief for which he prays as such a correction as he seeks cannot now be made. LSA-C.C.P. art. 1951 specifically provides that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party to correct the phraseology of the judgment, but not the substance, or to correct errors in calculation. The husband's demand is for a change in the substance of the judgment and not merely to correct the phraseology thereof. The judgment insofar as it runs in favor of the wife is res judicata and is a vested property right which she possesses, and the court cannot at this late date make any change which would deprive her of the alimony under the guise of altering the phraseology.
Moreover, the husband has acquiesced in the judgment for many years by virtue of the payment of alimony during *314 these many years. He has also been guilty of laches in waiting so long before taking action to remedy the unfortunate situation he was placed in through the alleged error. The husband knew at all times that the decree ran in favor of his wife, for the record shows that shortly after its rendition a certified copy of the judgment was forwarded to the husband's attorneys in Massachusetts who noticed the error and communicated with reference thereto with the attorney who now represents the husband but who was then his curator. Notwithstanding this, no judicial proceedings were invoked in the premises and the matter lay dormant until the husband filed his proceedings in February 1962.
The judgment appealed from is affirmed.
Affirmed.