FRUGÉ, Judge.
This case involves the validity of an amendment to a judgment from which no appeal was taken within the delays allowed by law.
Plaintiff-appellant, Harold Burnett, obtained a judgment of separation from bed and board from his wife, Deiphine Johnson Burnett; on January 9, 1964. Pursuant to the separation and included within the separation decree, a judgment was rendered in the amount of $2200.00 in favor of the husband in recognition of his claim for one-half the value of improvements made by the community of acquets and gains to the separate property of the wife, Deiphine Johnson Burnett. The judgment of $2200.-00 resulted from a finding, after trial on the merits, that the improvements made by the community to Mrs. Burnett’s separate property had a value of $4400.00. The 16 acres of land, without the improvements, was found to have a value of $1600.00.
No appeal having been taken within the delays allowed and the judgment not having been satisfied, the husband obtained a writ of fieri facias. Upon intervention of the wife in the sale under writ of fieri facias of the disputed property, the district court ordered that the proceeds of the sale be held by the sheriff pending hearing on the intervention. The property was not in fact sold since there was no bid reaching the amount of $4000.00 (two-thirds of the appraised value of $6000.00).
Mrs. Burnett, on April 21, 1964, filed a motion to amend the original judgment of January 9, 1964. After oral argument thereon the district court sustained the motion and amended the judgment awarding the husband $2200.00 to provide:
“ * * * in the event of sale of the property at sheriff’s sale or at private sale at less than the appraised value of *405 $6000.00, the proceeds of said sale shall be distributed in the proportion of 8/30ths of the net proceeds to Mrs. Delphine Burnett as her separate property and the remaining 22/30ths of the net proceeds shall be paid in equal shares (ll/30ths each) to Delphine J. Burnett and Harold V. Burnett; * * * »
Plaintiff, Harold Burnett, appeals the judgment amending the original decree ■contending that this was a substantive alteration of a final judgment not authorized by our law.
Defendant argues that the amendment was only for the purpose of correcting an •error in calculation and was not a material change. The amendment, it is contended, was necessary in order to conform the judgment to the findings of the court.
LSA-Code of Civil Procedure Art. 1951 provides:
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
“(1) To alter the phraseology of the judgment, but not the substance; or
“(2) To correct errors of calculation.”
We are of the opinion the trial judge erred in amending this final judgment in the manner set forth. At the trial on the merits the district judge heard testimony and examined evidence pertaining to the value of the land and the enhanced value attributable to the improvements made thereon by the community of acquets and gains. After due consideration the trial judge concluded the property had a total value of $6000.00, of which $4400.00 was assigned as enhanced value due to improvements.
If in fact an error was made in the judgment, the error was one of evaluation and not of calculation. A value was placed on the property after due and deliberate consideration. Clearly there was no mathematical error. It is not in fact clear that there was even an error made in placing a value on the property.
The amendment to the judgment varies the substance as is forbidden by Art. 1951 of the LSA-Code of Civil Procedure, for whereas the defendant was originally cast in judgment in the amount of $2200.00, the amendment superimposed a condition that plaintiff shall be entitled to only a lesser amount should the property sell for less than $6000.00 at a public or private sale.
No mere technicality confronts us here. Instead, we are involved with the important concept of finality of judgments. The Louisiana Supreme Court recently reviewed our jurisprudence concerning the finality of judgments in the case of Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865, and therein made the following statement:
“A judgment is the solemn adjudication of a court, established by law, made in a suit upon the relative claims of parties thereto, as disclosed by the record, and which passes on the matters so presented for determination. Lange v. Baranco, 32 La.Ann. 697. See, Breaux v. Laird, 230 La. 221, 88 So.2d 33. A judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judgment awards. Schulhoefer v. City of New Orleans, 40 La.Ann. 512, 4 So. 494. It is the settled law of this state that a judgment is a fiat of a court settling the rights of the parties, and however unjust, erroneous, or illegal the settlement may be, the parties can only claim under it that which, by its terms, the judg *406 ment awards. If changes therein are warranted, such may and must be effected before its finality, for which ways and means are provided. Lacaze v. Hardee, La.App., 7 So.2d 719. * * ” (Emphasis added.)
The recent case of McGee v. McGee, La.App. 4th Cir., 157 So.2d 312, bears directly on the prohibition against substantive amendments to final judgments. There a former husband attempted to show that a final judgment condemning him to pay $150 per month for the support of his wife and children was by consent actually intended to provide only for the support of the children. In denying relief to the husband our brethren of the Fourth Circuit stated:
“However, there is nothing that can be done to give the husband the relief for which he prays as such a correction as he seeks cannot now be made. LSA-C.C.P. art. 1951 specifically provides that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party to correct the phraseology of the judgment, but not the substance, or to correct errors in calculation. The husband’s demand is for a change in the substance of the judgment and not merely to correct the phraseology thereof. The .judgment insofar as it runs in favor of the wife is res judicata and is a vested property right which she possesses, and the court cannot at this late date make any change which would deprive her of the alimony under the guise of altering the phraseology.”
For the reasons assigned it is our holding that the amendment to the judgment was made by the trial judge without authority. We therefore reverse and annul the amendment and reinstate the trial court judgment of January 9, 1964.
Reversed and original judgment reinstated.