REGAN, Judge.
The defendant, Warren Lewis Derussy, filed a motion herein endeavoring to dismiss an appeal which was taken as a result of this controversy by his ex-wife, Sarah Antis Derussy, predicated on the hypothesis that a suspensive appeal is not permitted from either an alimony or custody judgment in view of the prohibitions contained in article 3943 of the LSA-Code of Civil Procedure.
The record, for the purpose of considering the validity of this motion, reveals that a judgment of divorce was rendered between the defendant and the plaintiff on February 17, 1964. This judgment reserved to the respective litigants their right to partition the community of acquets and gains, the value of which approximated $120,000.00. On June 24, 1964, an act of partition was executed and the community was divided in conformity therewith.
*545 Thereafter, the defendant filed a rule, the purpose of which was to terminate alimony payments to his former wife, since she was no longer in need of support. The lower court ruled in favor of the defendant, and the plaintiff has prosecuted a suspen-sive appeal therefrom.
Article 3943 of the LSA-Code of Civil Procedure, upon which the defendant relies as the basis for his motion to dismiss, reads:
An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.”
Defendant simply insists that the rationale of this article militates against a suspensive appeal from an alimony judgment. However, our analysis thereof reveals that it prohibits suspensive appeals only from “a judgment awarding * * * alimony”. In our opinion, it is apparent that this article does not relate to appeals from alimony judgments which either deny or terminate alimony payments.
Reference to the comments appearing under this article reveals that its purpose is to prevent a wife from being deprived of necessary support during the pendency of an appeal. If we were to dismiss the plaintiff’s suspensive appeal or reduce its status to that of a devolutive appeal, the purpose thereof would obviously be circumvented. It may be that this purpose is not applicable to the particular and individual facts hereof; the making of that judgment, of course, will be reserved until an appellate hearing occurs.
In any event, the husband shall be amply protected by virtue of the existence of an appeal bond which is a necessary corollary to a suspensive appeal.
For the foregoing reasons, the defendant’s motion to dismiss is hereby denied.
Denied.