JANVIER, Judge.
This is a return on an alternative writ of mandamus issued by this court. On March 11, 1966, the Relator, Mrs. Alfred T. Pattison, II, was awarded alimony for the support of her four minor children in the amount of $575 per month. Subsequently, Respondent, Alfred T. Pattison, II, her former husband, brought a rule alleging that Relator had removed herself and their children from the jurisdiction of the trial court and was then residing in Huntington, Long Island, New York and asking that she show cause why she should not return the minor children to the jurisdiction of the court and why the support money for the children should not be suspended until their *290 return. The rule granting this relief was made absolute on October 28, 1966.
On November 23, 1966, the trial judge signed an order granting Relator a suspen-sive and devolutive appeal from this October 28th ruling; bond was fixed in the amount of $5,000 for the suspensive appeal and $250 for the devolutive appeal.
On January 6, 1967, Relator filed a rule asking that Respondent be ordered to show cause why past due alimony for the months of November and December, 1966 and January, 1967 should not be made executory. Subsequently, Respondent filed a motion for continuance based on the ground that the district court was divested of all jurisdiction over the subject matter because the matter was pending in this court. On January 13, 1967, the trial court granted a continuance on the basis of Respondent’s motion until “such time as jurisdiction is returned to this court at the termination of the now pending appeal of this case in the Fourth Circuit Court of Appeal for the State of Louisiana.” Relator then applied to this court for writs of certiorari, prohibition and mandamus to the end that the trial judge be required to hear her rule. Pursuant thereto we issued the following order:
“It is ordered that the Honorable Clarence Dowling, Judge of Division “B” of the Civil District Court for the Parish of Orleans, forthwith recall and vacate his order of January 13, 1967, continuing hearing of the rule to show cause why past due alimony for support of the minor children should not be made executory, until termination of the other issues now pending appeal in this court, and that he order said rule to be reset for hearing without undue delay and that hearing thereon be had according to law.
“It is further ordered that in the event the respondent judge fails to comply with the aforesaid order, then and in that event said judge shall show cause in this court on February 13, 1967, at 10:30 o’clock a. m., why the relief prayed for in the application of relator should not be granted and to that end a writ of certiorari be issued herein directing said judge to transmit to this court on or before said date and time, February 13, 1967, at 10 :30 o’clock a. m., the record, or a certified copy thereof, of the proceedings complained of by relator in order that the validity thereof may be as-' certained. In the event certiorari is necessary herein all further proceedings in the cause in the court below are stayed.”
The writ of mandamus was not satisfied and the court in obedience to the alternative writ of certiorari caused the record herein to be transmitted to this court for our review. Hearing was held on the return day.
Respondent contends that the district court was divested of its jurisdiction to hear Relator’s rule because of the appeal from the October 28th ruling pending in this court, citing LSA-C.C.P. art. 2088 which provides, inter alia:
“The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal.” (Emphasis added.)
To order the trial judge to hear this rule, Respondent argues, would be to grant the trial court concurrent jurisdiction with this court.
We do not believe the trial judge has lost jurisdiction to enforce the March 11th judgment pending the appeal of the October 28th judgment. The judgment before us on appeal is not the same as the judgment before the trial court on the hearing of the rule. Moreover, the separate proceedings of Respondent and Relator have different objects. The object of the proceeding which resulted in the judgment of October 28, 1966 is to compel Mrs. Pattison to return the children and to suspend the *291 March 11th order for alimony payments until she does so. The validity of that judgment is now pending hearing on appeal in this court. The object of the proceeding by rule filed January 6, 1967 is the enforcement of the judgment of March 11, 1966.. Since the October 28th suspension of the March judgment has itself been suspended by the perfection of the suspensive appeal, the March 11th judgment remains in effect and subject to execution, subject to such final decision as may be rendered in this court concerning the October 28th judgment. In the event the October 28th judgment should be affirmed by us, the Respondent, Mr. Pattison, is fully protected for any payments he may make in the interim, by the suspensive appeal bond.
What the trial judge is to decide is whether past due alimony is owed under the March 11th judgment and not whether he was correct in ordering the return of the children and suspending the alimony under the October 28th judgment. Therefore there is no question of concurrent jurisdiction.
Moreover, if her rule for past alimony is not tried, Relator will, in effect, lose her right under the suspensive appeal which she took from the October 28th judgment suspending the alimony. Relator has a right to such an appeal; Respondent, as above stated, being amply protected by the $5,000 appeal bond. Derussy v. Derussy, La.App., 173 So.2d 544. If she is not allowed a hearing on her right to collect the alimony pending appeal, her right under the suspensive appeal is meaningless.
The rationale of the foregoing is consistent with the intent of the law of this state as expressed in LSA-C.C.P. art. 3943, which is designed to prevent the suspension of alimony pending the delay of appeals. See Derussy v. Derussy, supra.
For the above reasons, the alternative writ is recalled and the writ of mandamus is made peremptory and the trial judge is ordered to recall and vacate his order of January 13, 1967 continuing hearing of the rule to show cause why past due alimony for support of the minor children should not be made executory and to order said rule be reset for hearing without undue delay and that hearing thereon be had according to law. Costs of this writ to be paid by Respondent; all other costs to await final determination.
Mandamus made peremptory.