253 So.2d 660 (1971)
Barney E. KING, Jr.
v.
Evie Stewart KING.
No. 8552.
Court of Appeal of Louisiana, First Circuit.
September 2, 1971.
Rehearing Denied November 3, 1971.
Writ Refused December 13, 1971.
*661 Donald M. Fendlason, of Seal, Lee, Fendlason & Branch, Bogalusa, for appellant.
Julian J. Rodrigue, Clint L. Pierson, Jr. and Jeff Bratton, Covington, for appellee.
Before LANDRY, ELLIS and TUCKER, JJ.
LANDRY, Judge.
Defendant (Wife) appeals from judgment rendered adversely to her in plaintiff's (Husband's) action to terminate alimony payments. Appellee has moved to dismiss the appeal on the ground that appellant did not appeal the judgment ending alimony payments, but instead appealed from the judgment denying defendant's motion for a new trial which judgment is interlocutory and nonappealable. On the merits, the question to be resolved is whether the wife's right to alimony is precluded by a prior separation decree obtained by plaintiff husband on the ground of abandonment.
In July, 1957, plaintiff-husband instituted suit against defendant for separation from bed and board predicated upon defendant's alleged abandonment. Defendant answered the suit on November 22, 1957, on which same date judgment was rendered in favor of plaintiff decreeing a judicial separation between the parties and awarding defendant custody of three minor children of the marriage. The judgment also condemned Mr. King "to pay to the said Evie Stewart King for herself and minor children alimony in the amount of Three Hundred and No/100 ($300.00) Dollars per month."
In November, 1958, plaintiff filed for final divorce based on the parties having lived apart since the prior judicial separation. Defendant answered this action on December 19, 1958, on which same date judgment for final divorce was entered in plaintiff's favor. The judgment of divorce also awarded custody of the children to defendant and again ordered plaintiff "to pay to the said Evie Stewart King for herself and minor children alimony in the amount of Three Hundred and No/100 ($300.00) Dollars per month.
Pursuant to a rule brought by plaintiff to reduce alimony payments because two of the children had married, judgment was signed July 28, 1967, ordering "that the alimony and child support to be paid by Barney E. King, Jr. to Evie Stewart King is hereby reduced to Two Hundred and No/100 ($200.00) Dollars per month." On December 5, 1968, plaintiff ruled defendant to show cause why the alimony payments should not be extinguished because the remaining child in defendant's custody no longer resided with defendant. This rule was subsequently continued without date. On June 4, 1969, plaintiff again ruled defendant to show cause why the alimony payments should not be discontinued in their entirety because the remaining child in defendant's custody had married. This latter rule was eventually tried on October 17, 1969, and taken under advisement. On June 8, 1970, judgment was signed extinguishing the alimony payments previously ordered. In written reasons for its judgment terminating alimony payments, the trial court found that defendant's answer to plaintiff's divorce action merely alluded to an agreement pursuant to which plaintiff agreed to pay and defendant consented to accept $300.00 monthly "for the support and maintenance of their three minor children." The court further reasoned that since there was no itemization of the amount payable to the children and wife, *662 only support for the children was provided in the divorce decree.
Defendant moved for a new trial which motion was heard and denied on July 10, 1970. The minutes of July 10, 1970 show that the trial court denied appellant's motion for new trial on the ground that the judgments awarding alimony did not intend to award plaintiff alimony for herself. The minutes also show that the trial court left open the question of appellant's right to alimony and reserved appellant's right to apply for alimony because the court was of the opinion that the crucial issue of the wife's alleged fault had not been litigated in the separation and divorce proceedings. Judgment denying appellant's motion for new trial was signed July 24, 1970. Appellant was granted a devolutive appeal on August 28, 1970, pursuant to a motion which recited that appellant "desires to appeal devolutively from the final judgment rendered in the above cause on July 24, 1970." The required appeal bond was posted by appellant on September 16, 1970.
Meanwhile, on September 3, 1970, appellant ruled plaintiff to show cause why plaintiff should not be compelled to pay appellant permanent alimony. The rule was set for October 16, 1970, on which date plaintiff filed an exception of res judicata contending that the issue of appellant's fault or freedom therefrom was previously adjudicated when plaintiff was granted the separation on grounds of defendant's abandonment. The trial court sustained the exception of res judicata for oral reasons assigned. No formal judgment sustaining the exception of res judicata has been signed.
Unquestionably, the judgment of July 24, 1970, which defendant's motion of August 28, 1970, sought to appeal, was a judgment denying appellant a new trial. It is settled that an appeal lies only from a final judgment or an interlocutory judgment which causes irreparable injury, and that a judgment denying a motion for new trial is neither a final judgment nor an interlocutory judgment which causes irreparable harm. General Motors Acceptance Corporation v. Deep South Pest Control, Inc., 247 La. 625, 173 So.2d 190. Plaintiff, relying on General Motors, above, contends the appeal should be dismissed because appellant's motion for appeal sought not to appeal the judgment of June 8, 1970, which terminated alimony payments, but rather appealed the judgment of July 24, 1970 which denied appellant's motion for new trial. Plaintiff also notes that in appellant's brief it is stated that "It is from the judgment of the Court maintaining the exception of res judicata and denying Mrs. King alimony that she appeals."
We believe, however, that the instant case falls within the liberal rule applied in Fruehauf Trailer Company v. Baillio, 252 La. 181, 210 So.2d 312, and Smith v. Hartford Accident and Indemnity Company, 254 La. 341, 223 So.2d 826.
In General Motors, above, the Supreme Court affirmed the dismissal of an appeal by the Court of Appeal where on review in the Supreme Court, appellant contended that a judgment denying an application for a new trial was a final and therefore appealable judgment.
In Fruehauf and Smith, above, the petition or motion for appeal alluded to appeal from a judgment rendered on a certain date which in each instance was a judgment denying a motion for new trial. Nevertheless the court found that the intention of the appellant was to appeal the adverse judgment on the merits. In effect, the court held in Smith, above, as it had previously held in Fruehauf, above, and Kirkeby-Natus Corporation v. Campbell, 250 La. 868, 199 So.2d 904, that where the appellant exhibits intent to appeal an unfavorable judgment on the merits, the appeal will be maintained. The result reached in each of these cases is predicated on the well eslished principle that appeals are favored in law, must be maintained wherever possible, and will not be dismissed for technicalities. Fruehauf, above, Emmons v. Agricultural *663 Insurance Company, 245 La. 411, 158 So.2d 594.
In this case, we find that in appellant's brief and oral argument before this court, it is principally contended that the judgment of the trial court terminating the alimony payments was in error. It is clear that appellant in this instance intended to appeal the merits of the final judgment signed June 8, 1970, extinguishing the alimony payments she was then receiving.
We ex proprio motu raised the question that the appeal was untimely since it should have been taken and perfected within the thirty day period provided for by LSA-C.C.P. arts. 3942 and 3943. Article 3943, above, provides that an appeal from a judgment awarding alimony must be taken within the delays stipulated in Article 3942, above, which is thirty days from the applicable date established in LSA-C.C.P. art. 2087(1)(3). Further consideration, however, discloses that Article 3943, above, applies only in instances involving the awarding of alimony. Our present concern does not involve an award of alimony, but rather a termination of such an award. Because appeals are favored in law, we hold that any statute which provides a lesser time for taking an appeal in a specified instance than is allowed under our general law governing the taking of appeals is to be strictly construed. Since Article 3943, above, does not expressly apply to a judgment terminating alimony, we hold that it has no application in this instance, and that the 90 day period provided by LSA-C.C.P. art. 2087 for taking appeals in general is controlling. We note that in effect the same result was reached by our brothers of the Fourth Circuit in Derussy v. Derussy, La.App., 173 So.2d 544.
Appellee's contention that the judgment maintaining his exception of res judicata is not before the court because no formal judgment to that effect has been signed is a matter of no importance under the circumstances. This judgment is not on appeal and, in fact, cannot be appealed under the present posture of this case. It is elementary that an appeal can be taken only from a judgment which has been formally signed, and the delays for appealing do not commence until a judgment is signed. Tolbert v. Thomas, La.App., 173 So.2d 391; LSA-C.C.P. art. 1911.
In extinguishing the alimony payments, the trial court relied primarily upon appellant's answer filed in the divorce proceeding in which appellant recited:
"That she and the petitioner have entered into an agreement whereby he has agreed to pay to her and she has agreed to accept the amount of Three Hundred ($300.00) Dollars per month for the support and maintenance of their three minor children; that said agreement should be approved and made a part of the judgment to be rendered herein."
Irrespective of the foregoing allegation, the judgment of divorce clearly awarded alimony to appellant "for herself and minor children." In interpreting the judgment to exclude appellant, the trial court in effect modified the judgment in substance contrary to the provisions of LSA-C.C.P. art. 1951.
Assuming the husband's obtention of a separation on ground of abandonment precluded the wife's right to alimony following the divorce because the wife's fault was thereby established, the husband's remedy lay in an appeal from the judgment awarding the wife alimony in the divorce proceeding. In this instance, plaintiff-husband did not appeal the judgment which awarded appellant-wife alimony in the divorce proceeding. Said judgment has long since become final and precludes any further consideration of the incidental issue of appellant's alleged fault. A reviewing court cannot change any part of a judgment to make it more favorable to a party who neither appealed nor answered appellant's appeal. Krizan v. Storz Broadcasting Co., La.App., 145 So.2d 636. See also Laiche v. Laiche, La.App., 231 So.2d 647, *664 wherein we held that while the question of the amount of alimony due is always open to judicial review, the issue of a wife's right to alimony becomes a thing adjudged once it is determined.
We note that in McGee v. McGee, La. App., 157 So.2d 312, our brothers of the Fourth Circuit reached a similar result on the grounds of laches and estoppel. We think that a sounder basis for the rule lies in the application of the principle that even though a judgment is erroneous, unless it is timely appealed by the party adversely affected, it becomes final and binding upon the parties concerned. Being final, the judgment precludes further consideration of the issues upon which it rests.
The trial court did not reach the issue of the amount of alimony to which appellant is entitled, if any. Consequently, a remand of this matter is necessary.
It is ordered, adjudged and decreed that this matter be and the same is hereby remanded to the trial court for determination of the amount of alimony to which appellant, Evie Stewart King, is personally entitled, if any. All costs of these proceedings to be paid by appellee, Barney E. King, Jr.
Reversed and remanded.