324 So.2d 847 (1975)
Clara Christine Green DONICA
v.
Glen I. DONICA.
No. 10534.
Court of Appeal of Louisiana, First Circuit.
October 10, 1975.
Rehearing Denied December 3, 1975.
*848 Robert L. Raborn, Baton Rouge, for appellant.
Patsy Jo McDowell, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and BLANCHE, JJ.
SARTAIN, Judge.
This case comes before us on supervisory writs applied for by both parties to this divorce action and consolidated for determination.
The record before us shows that on October 24, 1974 plaintiff, Clara Donica, filed a petition for divorce against defendant, Glen Donica, on the grounds of adultery and therein sought alimony pendente lite. Plaintiff submitted a motion, along with supporting affidavits, to proceed in forma pauperis on November 7, 1974. In judgment rendered December 2, 1974, motion to proceed in forma pauperis was denied, the trial judge finding plaintiff gainfully emplyed earning. $331.00 per month, and further, entitled to alimony pendente lite in the amount of $250.00 per month.
Plaintiff sought an increase in alimony pendente lite on January 16, 1975 alleging a change in her circumstances in that she was no longer employed. On that same date an amending and supplemental petition was filed seeking, inter alia, divorce on the basis of living separate and apart for a period of two years without reconciliation.
On January 27, 1975, judgment was rendered in favor of plaintiff granting an increase in alimony pendente lite to $500.00 per month, payable in installments of $250.00 each, on or before the 3rd and 17th of each month, beginning February 3, 1975.
Ultimately, trial on the merits of the divorce action was held and judgment was signed on April 18, 1975, granting to the parties a divorce "a vinculo matrimonii" and further decreeing that plaintiff, Clara *849 Donica, was not without fault as envisioned by Article 160 of the Civil Code and therefore not entitled to permanent alimony. Custody of the minor child was granted to the father who was further prohibited from in any way disposing of any community property owned by him and plaintiff. The fees of the wife's attorney were set at $750.00, to be paid out of the community.
Plaintiff's attorney filed a motion for new trial on April 28, 1975 with the issue therein limited to attorney fees as determined by the trial judge in the divorce decree. This motion was denied and judgment to that effect signed on June 10, 1975. Plaintiff obtained an appeal order and subsequently posted a $2,000.00 bond on July 7, 1975, with plaintiff as principal and one Edwin H. White as surety.
On June 5, 1975, plaintiff filed a motion for contempt and to make alimony in arrearage executory alleging no alimony payments had been made since April 3, 1975. Defendant answered claiming no alimony was due based upon allegations that the judgment of April 18, 1975 was final, and even if not final, it was still the controlling judgment as it became executory on the date it was rendered under C.C.P. Art. 3943, thereby vacating the former judgment awarding alimony pendente lite.
After hearing on July 24, 1975 on the above matter, the trial judge granted the motion with respect to the alimony stating that the divorce decree itself had not yet become final and that the wife was entitled to continue receiving alimony pendente lite until final disposition of said judgment. It is to this determination that the husband now assigns error herein.
On the same date, a motion to test the appeal bond, previously filed by defendant, was heard, and after plaintiff's own admission judgment was entered decreeing said bond inadequate and insufficient. At the same time, plaintiff requested to proceed in forma pauperis, which request was denied without an evidentiary hearing.
Plaintiff applied for writs to this court and the same were granted on July 29, 1975, claiming that unless she was allowed to proceed in forma pauperis she would be unable to pursue her appeal. Defendant's writs were granted August 5, 1975.
We proceed first to the husband's contention that the trial judge erred in finding that the judgment awarding alimony pendente lite remained in effect until the divorce judgment becomes final. The husband attacks this decision on two grounds. He first contends that the divorce judgment which was signed on April 18, 1975 has in fact become final insofar as all provisions contained therein except on the issue of plaintiff's attorney's fees. He contends that since a new trial by plaintiff's attorney was requested and specifically limited to the issue of attorney fees, then the delays for the appeal of all other issues in the judgment began to run from the date of the expiration of delays for seeking a new trial on these issues. In other words, he argues that only the issue of attorney fees was held in abeyance pending the court's consideration of that issue. This same argument was confronted by the Louisiana Supreme Court in Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (1973) wherein the court stated:
"It is true that the implication from reading C.C.P. 1971 alone seems to be that if a new trial is granted on one issue (for example, liability under C.C. art. 2315), the judgment on other issues (quantum, etc.) might become `final' unless the judge orders `the judgment... held in abeyance ...' This implication of the literal provisions of C.C.P. 1971 is simply not workable another example of the injury suffered by the practice and procedure of this State when provisions of the federal rules are wedged into the Code of Civil Procedure."
Thus, under the circumstances of this case, the application for new trial on the issue of attorney fees prevented judgment on the other issues from becoming final.
*850 Defendant's second contention is that the divorce decree became executory pursuant to C.C.P. Art. 3943 which states:
Art. 3943. Appeal from judgment awarding custody or alimony
An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.
In the case of Derussy v. Derussy, 173 So.2d 544 (La.App. 4th Cir., 1965) it was held that the above article prevents suspensive appeals in cases awarding alimony but did not relate to appeals from alimony judgment which deny or terminate alimony. The court there noted that this was in line with the policy of preventing a wife from being deprived of necessary support during the pendency of an appeal.
The Louisiana Supreme Court, in Malone v. Malone, 282 So.2d 119 (1973) was faced with determining the applicable delay within which to appeal a judgment which did not award alimony, whether said delay should be thirty days (C.C.P. 3943) or ninety days (C.C.P. 2087). The court noted the varying results reached by the appellate courts citing Derussy, supra, as an example of one of those cases which found that judgments which either terminate or deny alimony are not governed by C.C.P. 3943. The court then stated:
"Such confusion could not have been intended by our legislature. The uniform treatment of judgments relating to alimony or custody seems to have been intended. Such treatment would not subvert the purpose of C.C.P. 3943, but would eliminate the unnecessary confusion caused by that article. Strong reason supports the policy of expediting appeals in alimony and custody matters.
"Therefore, we hold that appeals from judgments awarding, denying, modifying or terminating alimony or custody are governed by the provisions of C.C.P. 3943."
Thus, we are compelled to conclude, even though the wife's support pending appeal will be terminated, that the final divorce decree denying the wife permanent alimony is governed by C.C.P. 3943 and its effect as it "relates to" alimony "shall not" be suspended.
Argument could be made that the rule enunciated in Malone, supra, is limited only to the determination of applicable delays for appealing judgment relating to alimony and did not address itself to whether or not judgments denying alimony may actually be appealed in a manner so as to suspend their effects. However, since Derussy was noted with disapproval as a part of the jurisprudential confusion, and that case dealt only with the validity vel non of suspending the effect of a judgment denying alimony, we conclude the principal of Derussy is overruled.
Accordingly, the trial judge erred in ordering the defendant husband to continue paying alimony pending the wife's appeal, as the divorce judgment insofar as it related to custody and alimony and which judgment terminated the wife's alimony became executory at the time it was rendered.
We turn now to the wife's contention that she be allowed by this court to proceed in forma pauperis.
The chronology of events pertinent to a resolution of this issue may be briefly stated to be: The judgment of divorce was signed on April 18, 1975. Plaintiff timely filed a motion for a new trial which was limited to the amount of attorney's fees awarded to her counsel in the sum of $750.00, which was claimed to be grossly inadequate. Judgment denying her a new trial was signed on June 10, 1975. On June 19, 1975, she applied for and obtained an order for a devolutive appeal. On July 7, 1975 she posted bond in the amount of $2,000.00 listing herself as principal and one Edwin H. White as surety. On July 16, 1975, defendant filed a motion to test the inadequacy of the surety. This matter was heard on July 24, 1975, at which time plaintiff stipulated that Mr. White did not *851 possess sufficient assets to satisfy the surety requirement of $2,000.00. No further explanation was given and Mr. White was not called to testify, though the burden rests with plaintiff-appellant to show that at the time Mr. White was listed as surety he was qualified to do so.
It was on this date (July 24, 1975) that plaintiff filed a motion to permit her to prosecute this appeal in forma pauperis. For reasons hereinafter stated we are of the opinion that this motion is untimely.
We must concur with the ruling of the trial judge that plaintiff-appellant had ample time in which to again petition the court for the privilege of proceeding under C.C.P. Art. 5181, which dispenses with the necessity of furnishing bond or advancing costs on the part of indigent persons.
The delays for perfecting an appeal from the judgment signed on April 18, 1975, commenced to run on June 11, 1975, the day following the date the application for a new trial was denied, and expired on July 10, 1975, C.C.P. Art. 3942. Plaintiff did not file a motion to proceed in forma pauperis until July 24, 1975 and therefore her request is untimely.
The timely filing of a bond or obtaining an order to proceed in forma pauperis is essential to the perfection of an appeal and relate directly to the question of jurisdiction and must be strictly complied with.
Assuming, arguendo, that plaintiff's circumstances were such that at any time between June 10, 1975 and July 10, 1975, the period afforded her to perfect an appeal, she was entitled to proceed in forma pauperis, it behooved her to petition the court to do so. Having failed in this regard and having elected to perfect her appeal by the furnishing of security she must comply with the provisions of C.C.P. Art. 5124 which grants her an additional four days, exclusive of legal holidays, following the rendition of a judgment holding the bond insufficient or invalid to furnish new security.
We fully recognize that appeals are favored in law. However, we know of no procedure (and none has been cited) that permits a pauper order to be substituted in lieu of a surety bond after the delays for perfecting an appeal have expired. The privilege to proceed under C.C.P. Art. 5181 is one that all indigent litigants should have every reasonable opportunity to avail themselves. But it must be done within the appropriate delays and can not be used as a means to extend, either intentionally or by result, the delays for perfecting an appeal. There is but one exception that we know of whereby an insufficient bond may be corrected and those are the four days permitted under C.C.P. Arts. 5124 and 5126.
Accordingly, the writ on behalf of the defendant, Glen I. Donica, is made peremptory and that portion of the judgment of the trial court read, rendered and signed on the 19th day of June, 1975, condemning defendant to pay the plaintiff alimony during the pendency of plaintiff's appeal is hereby recalled, vacated and set aside.
Further, for reasons hereinabove stated, the writ on behalf of the plaintiff, Clara Christine Green Donica, objecting to the order of the trial court dated July 24, 1975 denying her the privilege of proceeding in forma pauperis is recalled and vacated.
The costs of these writs are assessed against the plaintiff, Clara Christine Green Donica. This matter is remanded to the trial court to afford plaintiff the opportunity to furnish new security within the delays permitted under C.C.P. Art. 5124.[1]
Writ on relation of Glen I. Donica made peremptory, writ on relation of Clara Christine Green Donica recalled and vacated and remanded.
NOTES
[1] Plaintiff has only two days remaining from the effective date of this judgment to furnish the new security as two days lapsed between the date of the judgment of the trial court and her application for and our granting of writs by this court.