GULOTTA, Judge.
Plain tiff-wife appeals from a judgment modifying support payments from $65.00 per week to $50.00 per week for support of the two children and $15.00 per week for mortgage payments on the home occupied by the wife and children. We affirm.
The chronology of events giving rise to this appeal is as follows: At the conclusion of the hearing of the rule for support of the children, on July 15, 1975, the trial judge stated orally:
“I fix child support in the amount of sixty five dollars a week, which involves half of the house note plus fifty dollars a week for each child.”[1]
The attorney for the wife agreed to prepare the written judgment; and on July 21, 1975, the trial judge signed the judgment as prepared by the attorney for the wife. This judgment stated, in pertinent part:
U * * *
“2.) That defendant, John Allen Hebert, be and he is hereby condemned to pay to plaintiff, Jean Orr Hebert, for the support and maintenance of the two minor children, Phillip Scott Hebert, and Melissa Lynne Hebert, the sum of $65.00 per week; same to commence on Saturday, July 19, 1975;”
A default judgment of separation was granted in favor of the wife on April 22, 1976, and the order of support was carried *385 over from the signed July 21, 1975 judgment ordering the husband to pay $65.00 per week for the support of the two children. Subsequently, however, pursuant to a rule by the husband to show cause why the judgment of July 21,1975, should not be corrected, the trial court on June 11, 1976, “corrected” the signed July 21, 1975 judgment by amending it to read as follows:
“That defendant John Allen Hebert be and he is hereby condemned to pay plaintiff, Jean Orr Hebert, for the support and maintenance of the tow [sic] children, Philip Scott Hebert and Melissa Lynne Hebert the sum of $65.00 per week, of which $50.00 is to be in cash, and $15.00 per week is to be paid for the payment of the mortgage on the home owned by the parties for which defendant will receive credit as a payment on community property, same to commence on Saturday, July 19, 1975”
Both parties to this appeal acknowledge that the July 21, 1975 judgment is a final judgment. See LSA-C.C.P. arts. 1841,1842 and 1911. It is from this amended judgment of June 11, 1976, however, that the plaintiff-wife appeals. She seeks a reinstatement of the earlier, written July 21, 1975 judgment.
It is the wife’s contention that the July 21, 1975 judgment cannot be amended. In this regard, she urges the applicability of LSA-C.C.P. art. 1951 which sets forth the circumstances under which amendment is permissible. This article provides as follows:
Art. 1951. Amendment of judgment
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.” According to Mrs. Hebert, the modification made by the trial judge in his judgment on
June 11, 1976, is a change in substance and not merely an alteration of phraseology, or a correction of calculation. She contends that a judgment ordering support payments in the sum of $65.00 per week is substantially different from a judgment ordering support in the sum of $50.00 per week and an additional $15.00 per week for mortgage payments, because the $15.00 payment constitutes a credit which the husband might later claim in a partition of the community property. The wife further claims that (for income tax purposes) a judgment stipulating a credit to the husband for house payments reduces her tax deductions.
Defendant-husband, on the other hand, contends that the written judgment of July 21, 1975, prepared by the attorney for the wife, was incorrect because it did not reflect the true intentions of the court as expressed orally on July 15, 1975. Accordingly, the husband argues that the 1976 modification by the court to conform with the original intention of the judge is merely a change in phraseology, not substance, and, as such, is permitted under the terms of LSA-C.C.P. art. 1951. We agree.
We deem the June 11, 1976 judgment to be merely a change in phraseology made to conform with the oral pronouncement of the trial court on July 15, 1975. This written amendment does not change the original intention of the trial judge; indeed, the amended judgment corrects the mistake of the attorney for the wife who, having heard the oral pronouncement of the judge, offered to prepare the written judgment. The judgment so prepared did not reflect the court’s intention, and it is the phraseology of the prepared judgment which has been changed by the written amendment. The substance of the trial court’s judgment, as expressed in the oral pronouncement, remains unchanged.
In so holding, we distinguish our case from those cases[2] cited by the wife. In the cited cases, no issue was presented, as in *386 our case, involving an amendment of a written judgment prepared by an attorney not in conformity with the trial judge’s oral pronouncement from the bench. In our case, if the trial judge had stated from the bench an intention to award $65.00 per week in child support without further specification, the judgment prepared by the attorney would have been in conformity with the oral judgment. In that event, the cases cited by the wife would be controlling, and the amended judgment of June 11, 1976, would constitute a change in substance. Our factual situation is entirely different. In the instant case, the change in phraseology accomplished by the amended judgment accurately expresses the judgment intended to be signed by the trial judge.
Accordingly, the judgment of the trial court on June 11, 1976, correcting and amending the signed judgment of July 21, 1975, is affirmed.

AFFIRMED.

LEMMON, Judge, dissents and assigns reasons.
The substance of the 1975 judgment was altered by the judgment under review in this appeal (which was rendered by a different trial judge). If the 1975 judgment did not conform with the original trial judge’s expression from the bench at the conclusion of trial, the husband’s recourse was a timely application for new trial or a timely appeal.[1] Amendment of the judgment pursuant to C.C.P. art. 1951 is not a proper method to change the substance of a written final judgment.

. The trial judge obviously intended $50.00 per week for two children.

. McGee v. McGee, 157 So.2d 312 (La.App. 4th Cir. 1963); Burnett v. Burnett, 170 So.2d 404 (La.App. 3d Cir. 1965); Hug v. Hug, 230 So.2d 333 (La.App. 4th Cir. 1970), writ refused, 255 La. 811, 233 So.2d 250 (1970); King v. King, 253 So.2d 660 (La.App. 1st Cir. 1971), writ denied, 260 La. 128, 255 So.2d 353 (1971).

. The full discourse at the end of trial was:
“THE COURT: Is she paying the house note?
MR. TURNER: Yes sir, she’s paying all expenses.
THE COURT: You can either pay her fifty dollars a week plus one half of the house note which is another seventy one a month — I fix child support in the amount of sixty five dollars a week, which involves half of the house note plus fifty dollars a week for each child.
MR. TURNER: When is that to commence, Your Honor?
THE COURT: Immediately.
MR. TURNER: She got a payment on July 12th.
THE COURT: The next payment is sixty five dollars a week.
MR. TURNER: I’ll prepare the judgment.”
From this discussion I conclude that the 1975 judgment did conform with the trial judge’s verbal expression. The trial judge merely indicated that he considered the amount of the house note in fixing the total child support obligation which is reflected in the 1975 judgment (just as he would have considered the amount of rent, which involves no credit for payment on the acquisition of community property).
Indeed, the above quoted statement does not mention any “credit as payment on community property”, and if the 1975 judgment had included precisely the trial judge’s oral statement, the husband would not be entitled to any credit for payment toward the price of community property. The judgment appealed from, which allows such credit, therefore alters the substance even of the oral reasons for judgment.