EDWARDS, Judge.
This Court ex proprio motu has examined the record in this suit and has determined that the appeals are not properly before us and that they should be dismissed.
*1195 AETNA’S APPEAL;
Plaintiffs sued, inter alia, Gilbert L. Dozier, Robert K. May and Aetna Fire and Casualty Company for damages sustained in an automobile collision with a horse allegedly under defendants’ care. - Numerous third party demands were filed among these defendants, including a claim by Dozier against Aetna, his insurer, for indemnity.
Following a jury trial, judgment was signed on September 8, 1977, in favor of plaintiffs and against defendants, Dozier, May and Aetna. Judgment was also rendered in favor of Dozier on his third party demand for indemnity against Aetna. It is the judgment in this third party demand which Aetna seeks to appeal.
On September 9, 1977, Dozier and May filed a joint motion for a new trial to set aside the judgment signed on September 8, 1977. Aetna also filed a timely motion for a new trial on the principal demand.
The trial court granted a new trial and stated in its judgment signed on November 17, 1977:
“New trial is granted in favor of the defendants, Gilbert L. Dozier and Robert K. May, insofar as the verdict in favor of Gerald W. Madere, Tim Richard, and Maryland Casualty Company and against Gilbert L. Dozier, Aetna Fire and Casualty Company, and Robert K. May, and insofar as the Judgment in all third party demands among these defendants.”
Meanwhile, Aetna had obtained an order of appeal on October 28, 1977, and had filed an appeal bond on November 2, 1977.
We believe that Aetna’s appeal is premature and should be dismissed, because the new trial prevented the judgment on the third party demand for indemnification from becoming final. Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (La. 1973); Donica v. Donica, 324 So.2d 847 (La. App. 1st Cir. 1975). The opposite result would lead to a piecemeal adjudication. Compare Jeansonne v. Willie, 188 So.2d 170 (La.App. 4th Cir. 1966).
PLAINTIFFS’ APPEAL
The original judgment of September 8, 1977, was filed in the mortgage records by plaintiffs (with the Clerk of Court, Parish of East Baton Rouge) in MOB 2902, folio 137. Subsequently, a new trial was granted by the trial court by judgment of November 17, 1977. On February 27, 1978, defendants, Dozier, May and Aetna, filed a rule, pursuant to LSA-C.C. art. 3381, to obtain an order for the erasure of the inscription of the mortgage recorded in MOB 2902, folio 137, which is the original judgment of September 8, 1977.
The trial court made the rule absolute on April 4, 1978, and ordered the Clerk of Court, Parish of East Baton Rouge, to cancel the inscription of the original judgment. Plaintiffs appeal this order.
We believe that such an order is interlocutory within the contemplation of LSA-C. C.P. art. 1841 and that no right of appeal exists absent the showing of irreparable injury. LSA-C.C.P. art. 2083. There has been no such showing in this case.
For the above reasons, the appeals are dismissed. Costs are to await final adjudication.
APPEALS DISMISSED.