### RIVARDE *v.* H. W. PALFREY.

Security for the costs of the clerk of the Supreme Court is not required by any law, but by a rule of court. Under this rule the clerk may refuse to receive the transcript, unless security be given. But if received, without objection on account of want of security, he cannot afterwards consider the transcript as not filed, at least until the appellant has been put in default, by a demand of security.

THIS was a rule taken by the appellant on the plaintiff, to show cause why a certificate of the clerk of the Supreme Court, that the transcript of the record had not been filed within the time prescribed by law, should not be cancelled on the ground of error.

*Micou,* for the appellant.

*Denis,* for the plaintiff.

MARTIN, J. The defendant and appellant obtained a rule on the plaintiff and appellee, to show cause why the certificate of the clerk of this court, that the transcript had not been filed on

Rivarde v. Palfrey.

the third judicial day after that on which the appeal was returnable, should not be recalled and cancelled, on the ground that it was issued in error, and that security for costs would have been given had not an agreement between the parties prevented it.

The appeal was returnable on the 7th of April. Conversations between the parties induced the clerk of the first court to delay the completion of the transcript until the 14th, when, the hope which had been entertained, that an amicable settlement would dispense with further proceedings in the case, appearing to have been abandoned, he delivered the transcript to the clerk of this court. The latter, on the same day, seeing the defendant himself, informed him of this circumstance, inquired who were his sureties, and was answered that the matter was settled, but that defendant would see his attorney. The defendant's attorney had very early prepared the bond for the clerk's costs. It does not appear that he had any other notice of the transcript having been brought up, nor of any demand for the bond, except the enquiry made by the clerk, from his client, of the names of his sureties. The certificate was delivered to the appellee on the day immediately following that on which the transcript was brought up.

The appellant does not appear to have been guilty of any *laches.* He did not bring up the transcript; the clerk of the Parish Court filed it. It is true security was not given to our clerk for his costs; but no law requires it, and a rule of court alone has made provision for it. This authorizes the clerk to refuse to receive the transcript, when unaccompanied with security; but does not authorize him, after he has taken it without objection, to consider the transcript as not filed, at least not until the appellant is put in default, by a demand of security, and he refuses to give it. Of this there is no evidence. It is true that, seeing the appellant shortly after, the clerk asked him the name of his surety, and was answered that the matter was settled, but that appellant would see his attorney. On these facts, we are of opinion that the appellee was too hasty in his application for, and the clerk in the delivery of, the certificate.

The rule is, therefore, made absolute.