McCALEB, Justice.
 

 Plaintiff, divorced wife of Owen Dale Arnold, brought this suit against her former husband for the custody of the two children of the .marriage, who are in his possession and are being cared for by him. After hearing, there was judgment in defendant’s favor rejecting the demand and awarding him the permanent care and cus- ( tody of the children. Plaintiff is appealing from the adverse decision.
 

 An examination of the record reveals, that the appeal must be dismissed for lack of jurisdiction. The judgment below was rendered and signed on June 6, 1947. More than one year thereafter, on June 8, 1948, counsel for plaintiff moved for and was-granted an appeal to this Court.
 

 Aside from the impropriety of the motion for the appeal, — since it was not made at the same term at which the judgment was rendered
 
 [1]
 
 — the order granting
 
 *369
 
 it was absolutely null as the appeal was not taken within the year allowed by Article 593 of the Code of Practice. It is now firmly established that the provision in Article 593 that “No appeal will lie,
 
 *
 
 * * after a year has expired” is prohibitory; that the appellate court does not acquire jurisdiction of appeals which have not been taken and perfected by the filing of bond within the prescribed time and that it is the duty of the court to dismiss such appeals ex proprio motu. Untereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, 162 La. 385, 110 So. 624; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144, and Dickerson v. Hudson, 201 La. 915, 10 So.2d 700.
 
 [2]
 

 The appeal is dismissed.
 

 [1]
 

 . See Articles 573 and 574 of the Code of Practice. When an appeal is applied for at a term subsequent to that at which the judgment was rendered, it should be taken by petition and citation. An appeal taken by motion at a subsequeut term of court without prayer for, or service of, citation of appeal requires dismissal, as such omission is substantive. Jacobsen v. McGarry, 178 La. 79, 150 So. 838, and Officer v. American Ins. Co., 182 La. 1054, 162 So. 771.
 

 [2]
 

 :2. In Lafayette v. Farr, supra, the Court undertook a review of all of the prior jurisprudence, which was at that time unsettled and in conflict, setting at rest the matter by especifieally approving the ruling in Untereiner v. Miller, supra, which was subsequently re-affirmed in Mount Olive Baptist Church v. New Zion Baptist Church.