CUTRER, Judge.
A review of the record reveals that on June 27, 1967, the judgment herein was signed and the notice of judgment addressed to plaintiff’s attorney was dated June 29, 1967, The order granting the suspensive appeal herein was signed on September 8, 1967 and the appeal made returnable to this court on October 31, 1967. However, the appeal bond was not filed until October 16, 1967. Orrell v. Southern Farm Bureau Casualty Insurance Company, 248 La. 576, 180 So.2d 710, a recent Supreme Court decision is dispositive of this case:
“(1) Albeit there have been some expressions in the decisions of the Courts of Appeal and this Court to the contrary, we consider it to be now well settled that the- failure to perfect an appeal by the timely filing of the appeal bond is jurisdictional and that the appellate court can never acquire jurisdiction of an appeal unless the bond for the appeal is filed within the time prescribed by law. Untereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, 162 La. 385, 110 So. 624; Succession of Dahm, 166 La. 774, 117 So. 826; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Fisher v. International Brotherhood of Electrical Workers, etc., 218 La. 243, 48 So.2d 911; Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666.”
Article 2087 of the Code of Civil Procedure provides as follows:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely:
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appel-lee, may take a devolutive appeal therefrom, and furnish the security therefor, within the delays allowed in the first paragraph of this article, or within ten days of the granting of the first devolutive appeal in the case, whichever is later.”
Since no new trial was applied for herein, the provisions of Subsection (1) of the above article apply herein.
Article 1974 of the Code of Civil Procedure reads as follows:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run the day after the judgment was signed.
*97 When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”
As pointed out above the notice of judgment required by Article 1913 was dated June 29, 1967. The delay for filing the appeal would therefore commence on July 6, 1967. The last day for filing the bond, and thereby perfecting the appeal would be the ninetieth day thereafter. The bond herein was not filed until October 16, 1967, two weeks past the ninetieth day. Therefore, the appeal was never perfected, and this court is without jurisdiction.
The appeal is, therefore, dismissed.
Appeal dismissed.