ON MOTION TO REMAND
BLANCHE, Judge.
Richard M. Moon, plaintiff-appellee, filed a motion herein requesting that we order the Clerk of Court of the Parish of Iberville to correct the record which has been lodged with us on appeal by furnishing a certificate showing the date upon which notice of the signing of the judgment in the trial court was mailed. After the trial was completed, the matter was taken under advisement by the trial judge, and on September 2, 1969, judgment was rendered in favor of the plaintiff and against the defendant-appellant Jeanette Patin Moon. Code of Civil Procedure, Article 1913, provides in part that notice of the signing of a final judgment therein shall be mailed by the Clerk of Court to counsel of record for each party and the Clerk shall file a certificate in the record showing the date on which and counsel to whom the notice of the signing of the judgment was mailed.
An examination of the record shows that the aforesaid certificate required by said article was not filed by the Clerk. Ap-pellee alleges that it is his belief that the notice was in fact mailed by the Clerk to all counsel of record either on September 2nd or 3rd, 1969. After the motion was filed by appellee, the Clerk filed her certificate as required by law but the certificate does not set forth the date on which the notice of judgment was mailed. After the certificate was thus filed by the Clerk, mover then filed a petition to remand in order that evidence could be taken before the trial court to establish the date the notice of judgment was mailed.
The date of the mailing of the notice of judgment is of importance because the delay for applying for a new trial commences to run from the day after the Clerk has mailed the notice of the judgment, while the delay for the filing of a devolutive appeal and the furnishing of bond does not commence until after the three-day period for applying for a new trial, LSA-C.C.P. arts. 1974, 2087 and 3942, and appellee wants us to give him an opportunity to show that the appeal was not timely perfected due to the failure of appellant to file the appeal bond within the time prescribed by the aforesaid delays.
The failure to perfect an appeal timely is jurisdictional, and the appellate court can never acquire jurisdiction of an appeal unless the bond for appeal is filed within the time prescribed by law. Orrell v. Southern Farm Bureau Casualty Insurance Co., 248 La. 576, 180 So.2d 710; Untereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, 162 La. 385, 110 So. 624; Succession of Dahm, 166 La. 774, 117 So. 826; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144; Dickerson v. Hudson, 201 La. 915, 10 So.2d 700; Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Fisher v. International Brotherhood of Electrical Workers, etc., *840 218 La. 243, 48 So.2d 911; Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666; Aetna Insurance Company v. Robinson, 199 So.2d 369 (La.App. 1st Cir. 1967).
Inasmuch as the certificate filed by the Clerk does not show the date on which the notices of judgment were mailed to counsel of record, appellee is entitled to have the case remanded to the trial court for that purpose.
Remanded.