LOTTINGER, Judge.
This is an automobile accident case wherein the defendant, Lubendial White, *351 rear ended the plaintiff’s automobile. From a judgment in favor of the plaintiff, defendants have appealed.
On reviewing the record of this matter, this Court now raises the question of whether we have jurisdiction. On November 24, 1970, this case was tried in the City Court of Baton Rouge, Louisiana, with an acting City Judge presiding, and in the presence of attorneys of both parties. After hearing all of the evidence presented, the Trial Judge rendered judgment in favor of the plaintiff as prayed for, with written reasons to be rendered. On the same day, November 24, 1970, written reasons for judgment were mailed to counsel for all parties. Judgment was read and signed in open court on December 4, 1970.
Defendants decided to appeal, and therefore on December 10, 1970, a written motion for a devolutive appeal was filed and granted, made returnable to this Court on or before February 5, 1971. Further, on the same date, notice of the granting of the motion for an appeal was given to the attorney for plaintiff. Several extensions were granted, finally making the appeal returnable to this Court on June 7, 1971.
On June 2, 1971, attorney for the defendants-appellants filed a motion in this Court alleging that:
“Through inadvertance on the part of the attorney for defendants, there was no provision made in the motion to appeal for the court below to fix the amount of the appeal bond.”
This case was then remanded to the City Court of Baton Rouge for that Court to determine the amount of the appeal bond, and to set the date on which same was to be returnable to this Court.
On June 7, 1971, an amended motion for appeal was filed and signed providing that “A devolutive appeal be granted to Mr. Leroy White and Lubendial White retroactive to the date of original filing, returnable to this Court on August 9, 1971, upon their furnishing bond with good and solvent surety conditioned as the law directs in the amount of $21.00.” On June 24, 1971, the bond was filed.
Our question of jurisdiction arises because C.C.P. Art. 5002, dealing with the procedure in City Courts in cases involving more than One Hundred dollars, provides:
“The delay for answering shall be stated in the citation. This delay shall be five days, exclusive of legal holidays, after service of citation on the defendant, except when the citation is served on a defendant through the secretary of state, in which event this delay shall be fifteen days after such service as to all defendants.
A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall- be five days, exclusive of legal holidays.
A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.
A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial.
The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.
The devolutive appeal bond, as required by the applicable provisions of *352 Article 2124, must be filed within the delays allowed above for a devolutive appeal.
Amended by Acts 1966, No. 36, § 1; Acts 1970, No. 107, § 1.”
(Emphasis added)
From a thorough search of the record in this matter we can find no application for a new trial. Judgment was read and signed on December 4, 1970, and the motion for a devolutive appeal was granted on December 10, 1970. Bond was not filed until June 24, 1971, long after the ten days had expired as provided by C.C.P. Art. 5002 and long after the ninety days had expired as provided by C.C.P. Art. 2087.
We are well acquainted with the rule enunciated in C.C.P. Art. 2161:
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return date or the date on which the record of appeal is lodged in the appellate court, whichever is later.”
And C.C.P. Art. 2162 provides, in part:
“An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned.” (Emphasis added)
We do not find that this court has jurisdiction. The error of not providing for the amount of the appeal bond in the original motion for an appeal is certainly imputable to the appellant, inasmuch as it was admitted that through inadvertence the original motion for appeal did not contain the provision for the furnishing of security. In Arnold v. Arnold, 217 La. 362, 46 So.2d 298 (1950), the Supreme Court of this State made it quite clear that “the appellate court does not acquire jurisdiction of appeals which have not been taken and perfected by the filing of bond within the prescribed time and that it is the duty of the court to dismiss such appeals ex pro-prio motu.”
Therefore, for the above and foregoing reasons this appeal is dismissed.
Appeal dismissed.