LANDRY, Judge.
Harold E. Forbes, Director of Personnel of the State Department of Civil Service (Director), has moved dismissal of the appeal taken herein by Lawrence Roberts (Appellant) from Appellant’s discharge by the Civil Service Commission, State of Louisiana (Commission), from the classified position of Deputy Fire Marshal II, on the ground that Appellant failed to pay the filing fees provided by LSA-R.S. 13:352(1) within the delay prescribed by LSA-C.C.P. art. 2126. In addition, Director seeks to be recognized as an indispensable party to this appeal pursuant to LSA-R.S. 13:3416. We hold that the Director is an indispensable party to this proceeding and, as such, is made a party *475 thereto. We deny the motion to dismiss the appeal on the ground that it was not timely urged.
Pursuant to the authority conferred by Article XIV, Sec. 15(0) (4), Louisiana Constitution, the Commission conducted a public hearing to determine whether Appellant had falsified certain information on his application seeking employment as Deputy Fire Marshal I in violation of Article XIV, Section 15(N) (4), Louisiana Constitution, and Rule 14.1.1 c of the Commission’s rules which proscribe, among other things, the giving of false information on an application for classified service.
After hearing the accusation, the Commission found Appellant guilty of the infraction charged and rendered an opinion on June 7, 1971, ordering Appellant’s dismissal from the classified service.
Within the thirty day period provided by La.Const. Article XIV, Section 15(0) (1), Appellant appealed to this Court. The Commission set the return date as of September 3, 1971, and so notified Appellant by letter dated July 12, 1971. On July 14, 1971, Appellant filed the appeal bond required by the Uniform Rules, Courts of Appeal, Rule 16, Section 4. Copies of the transcript were filed with the Clerk of this court on July 27, 1971, but the $25.00 filing fee was not paid until December 1, 1971. The Director filed his motion to dismiss on December 15, 1971.
Rule XVI (4) of the Uniform Rules, Courts of Appeal, recites that in an appeal from a decision of the Commission, the appellant must pay “not later than three days prior to the return date or extended return date, the costs for preparing the record for appeal and the filing fee required by LSA-R.S. 13:352(1) for lodging the appeal.” Equally pertinent is the requirement of LSA-R.S. 13:352(1), which decrees that the clerks of all Courts of Appeal shall charge a fee of $25.00 for the cost of filing the record. The Director pitches his motion for dismissal on the ground that Appellant did not pay the filing fees at least three days prior to September 3, 1971, the return date fixed by the Commission.
It appears well settled that as regards the perfecting of an appeal, there are two types of defects, namely, those that are jurisdictional and subject the appeal to dismissal by motion made at any time and even by the appellate court ex proprio motu. Defects of this nature include failure to timely take the appeal, Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Clements v. Kimble, La.App., 239 So.2d 704, and failure to timely post the required appeal bond, Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Moon v. Moon, La.App., 232 So.2d 838. On the other hand, defects which are not jurisdictional in nature, but which are attributable to the fault of appellant, may result in the dismissal of an appeal pursuant to LSA-C.C.P. art. 2161, provided appellee moves to dismiss within three days of the return date or the day on which the transcript is filed in the appellate court whichever is later as provided for in LSA-C.C.P. art. 2162.
It is well settled that in instances where an appeal bond is required, jurisdiction of the appellate court attaches upon the timely filing of the required appeal bond. Favrot v. Favrot, 252 La. 192, 210 So.2d 316. Favrot is also authority for the rule that once appellate jurisdiction attaches, the appellate court may dismiss an appeal only upon the grounds and in the manner provided for in the Louisiana Code of Civil Procedure. In Favrot, above, the Court also noted that appeals are favored in law and should not be dismissed unless legal ground for dismissal is clearly shown. See also, Portier v. Marquette Casualty Company, 245 La. 702, 160 So.2d 585; Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62.
The defect urged in this instance is not jurisdictional in nature since it does not relate to either the timely taking of the appeal or the timely posting of the appeal *476 bond. It follows that the instant appeal may not be dismissed for an irregularity attributable to appellant except under the circumstances provided in LSA-C.C.P. art. 2162.
In Gremillion v. Rinaudo, 240 So.2d 237, this court has previously passed on the precise question now before us. Gremillion, above, involved late payment of the filing fees due the appellate court. On authority of Favrot, above, we denied the motion to dismiss because appellee did not move to dismiss within the three day delay provided in LSA-C.C.P. art. 2162.
 Our jurisprudence holds that the clerk of an appellate court may properly decline to file a transcript of appeal if the filing fees due the court of appeal are not paid. Osborne v. Mossler Acceptance Corporation, 210 La. 1048, 29 So.2d 58; Rivarde v. Palfrey, 11 Rob. 282. However, if the clerk of an appellate court does accept and file a transcript of appeal despite nonpayment of required costs and fees, the transcript cannot be considered as not having been filed. Rivarde, above.
We take this opportunity to inform the bar that henceforth the clerk of this court shall not file any transcript of appeal received until and unless all required costs and fees are paid.
LSA-R.S. 13:3416 expressly provides that the Director is an indispensable party to these proceedings in which appellant seeks relief against a decision rendered by the Commission. See also Meaux v. State Department of Highways, La. App., 223 So.2d 186.
It is ordered, adjudged and decreed that the Director of Personnel of the Department of Civil Service, Harold E. Forbes, be made a party to these proceedings.
It is further ordered, adjudged and decreed that the Director’s motion to dismiss this appeal be and the same is hereby rejected and denied.
Motion granted in part and denied in part.