ON MOTION TO DISMISS
Before LEMMON, MORIAL and BEER, JJ.
LEMMON, Judge.
This case is before us on a motion to dismiss the appeal.
When the appellant filed a timely appeal, the trial court set the return date for October 6, 1975. On that date the clerk applied for and obtained an extension to October 10, 1975 for the reason that “payment was received on return date.” The record on appeal was lodged in this court on October 10, 1975.
The appellee now moves to dismiss the appeal, citing cases which have dismissed appeals because of failure by the appellant to pay the costs timely. In each of the cited cases the record on appeal was not lodged in this court before the return day or the extended return day, and the appeal was dismissed because the irregularity, error or defect was shown to be imputable to the appellant who failed to pay the costs timely.
In the present case an extension of the return day was obtained timely, and the record on appeal was lodged in this court on the extended return day. Although the appellant did not pay the cost of preparing the record of appeal at least three days prior to the return day, he did pay the cost more than three days prior to the extended return day.
Furthermore the question of dismissal of an appeal on account of the appellant’s failure to timely pay the costs and fees required by C.C.P. art. 2126 has become moot, inasmuch as the proper appeal bond was timely filed, the record on appeal was lodged on or before the extended return day, and the filing fee required by this court was paid at the time the record on appeal was lodged. Matlock v. Allstate Ins. Co., 153 So.2d 776 (La.App. 3rd Cir. 1963); Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312 (1968); XXIX La.L. Rev. 269, 293 (1969).
Appellee’s real complaint is that the trial judge granted an extension of the return day. Appellee did not apply for supervisory writs from the granting of that order. Nevertheless, even if we consider this motion as an application for supervisory writs, there is no showing that the record was otherwise ready for filing on the return day, or that the amount of costs had been determined by the Clerk in advance of the return day, or that the return day was extended solely because of failure of the appellant to pay the costs earlier, or that the trial judge otherwise abused his discretion in granting the extension. See Succ. of Abraham, 136 So.2d 471 (La.App. 3rd Cir. 1962).
The motion to dismiss is denied.

MOTION DENIED.