GUIDRY, Judge.
MOTION TO DISMISS
The defendant-appellee, Paula D. Bentley, moves to dismiss the appeal of George F. Bentley, Jr., on the grounds that Mr. Bentley has failed to pay the estimated costs of appeal mandated by C.C.P. Article 2126.
The record in this matter was filed with the Court of Appeal May 10, 1983. The Motion to Dismiss which is before the court was filed on May 16, 1983.
As stated in In Re Roberts, La.App., 257 So.2d 473:
“It appears well settled that as regards the perfecting of an appeal, there are two types of defects, namely, those that are jurisdictional and subject the appeal to dismissal by motion made at any time and even by the appellate court ex pro-prio motu. Defects of this nature include failure to timely take the appeal, Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733; Clements v. Kimble, La.App., 239 So.2d 704, and failure to timely post the required appeal bond, Arnold v. Arnold, 217 La. 362, 46 So.2d 298; Moon v. Moon, La.App., 232 So.2d 838. On the other hand, defects which are not jurisdictional in nature, but which are attributable to the fault of appellant, may result in the dismissal of an appeal pursuant to LSA-C.C.P. art. 2161, provided appellee moves to dismiss within three days of the return date or the day on which the transcript is filed in the appellate court whichever is later as provided for in LSA-C.C.P. art. 2162.”
As stated above, the Motion to Dismiss was filed later than three days after the filing of the record with the appellate court. Thus the motion is untimely.
The Motion to Dismiss was also filed in the wrong court. Code of Civil Procedure Article 2088 provides that the trial court retains jurisdiction in the case to:
“(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal.”
The question of dismissal of appeal on account of appellant’s failure to timely pay costs and fees should be considered moot, inasmuch as the record on appeal was filed on or before the extended return day and the filing fee required by the Court of Appeal was paid at the time the record on appeal was lodged. Neff v. Neff, 328 So.2d 735 (La.App. 4th Cir.1975). Accordingly, appellee’s Motion to Dismiss is denied.
MOTION DENIED.