On Rehearing.
KNOLL, Judge.
In our original opinion on this appeal we determined that CLECO’s demands against Lloyds were foreclosed because of the finality of the trial court’s judgment dismissing its third-party demand, from which judgment CLECO took an untimely appeal which we later formally dismissed. We therefore made the writ peremptory as to CLECO and ordered CLECO’s third-party demand against Lloyds dismissed with prejudice. However, because there was no formal dismissal of Evangeline’s untimely appeal (Evangeline and CLECO secured an order of appeal from the trial court on the same date, April 18, 1983, although their delay for taking an appeal had lapsed on December 12, 1982), we reasoned that Evangeline’s appeal was viable and was disposed of in our previous decision reported at 446 So.2d 939. We decided this issue as to Evangeline incorrectly, as Evangeline did not have a viable appeal when we considered Perron’s appeal (446 So.2d 939), since the trial court’s judgment in favor of *11 Lloyds dismissing Evangeline’s third-party demand had become final and res judicata long before Evangeline secured its order of appeal.
We conclude on the basis of Arnold, v. Arnold, 217 La. 362, 46 So.2d 298 (1950), that our inadvertent failure to formally dismiss Evangeline’s appeal could not serve to breathe life into an order of appeal which was absolutely null. On June 10,1983, this court issued a rule ordering both CLECO and Evangeline to show cause on or before June 28,1983, why their appeals should not be dismissed for untimeliness. Neither responded. We formally dismissed CLECO’s appeal but through inadvertence our court failed to enter a formal dismissal of the Evangeline appeal. As previously mentioned, this inadvertent failure to perform a perfunctory act could not and did not make viable Evangeline’s untimely appeal.
In Arnold, supra, our Supreme Court stated:
“Aside from the impropriety of the motion for the appeal, — since it was not made at the same term at which the judgment was rendered — the order granting it was absolutely null as the appeal was not taken within the year allowed by Article 593 of the Code of Practice. It is now firmly established that the provision in Article 593 that ‘No appeal will lie, * * * after a year has expired’ is prohibitory; that the appellate court does not acquire jurisdiction of appeals which have not been taken and perfected by the filing of bond within the prescribed time and that it is the duty of the court to dismiss such appeals ex proprio motu. Untereiner v. Miller, 29 La. Ann. 435; Lafayette v. Farr, 162 La. 385, 110 So. 624; Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144, and Dickerson v. Hudson, 201 La. 915, 10 So.2d 700.” (Footnotes omitted.)
LSA-C.C.P. Art. 2087 finds its source in former Article 593, Code of Practice of 1870. The principal change made by Article 2087 is to reduce the delay allowed for taking an appeal from one year to the delays now permitted. Although Arnold was decided prior to the adoption of the Louisiana Code of Civil Procedure, we find the legal principle announced therein, i.e., an order of appeal not taken within the delay allowed is absolutely null and confers no jurisdiction, is sound, viable and should be applied in the instant case.
For these reasons, we make the writ peremptory as to Evangeline and CLECO, finding the earlier judgment of the trial court res judicata and dispositive of Evangeline’s and CLECO’s third-party demands against Lloyds. Evangeline and CLECO are assessed for all costs of this writ application.
WRIT GRANTED AND MADE PEREMPTORY.
KING, J., dissents for the same reasons set forth in his opposing the granting of the supervisory writ in favor of Insured Lloyds and against Central Louisiana Electric Co., Inc. This Court should not grant a Motion For Summary Judgment, by supervisory writ dismissing the third party demands of CLECO and Evangeline against Insured Lloyds because there exists a genuine issue as to material fact and there exists a question of law.