SAVOY, Judge.
This matter is before the Court on an application by counsel for appellee to dismiss an appeal taken by appellants from an adverse judgment rendered in the district court.
The facts are not disputed. On February 11, 1963, appellee obtained a judgment against appellants. Appellants filed a motion for a new trial, which was heard on March IS, 1963. On the same date of the hearing, the district judge denied the application for a new trial in open court. The presiding judge in the instant case stated by affidavit that he is certain that the application for a devolutive appeal reached his office on June 13, 1963; that he saw it later that afternoon or early on the morning on June 14, 1963, in St. Mart-inville, Louisiana; that since he was holding court in New Iberia, Louisiana, on June 14, 1963, he took the application for devolutive appeal with him to New Iberia and signed the order at the Courthouse in New Iberia, Louisiana, on June 14, 1963.
In his application to dismiss the appeal, appellee states that the order granting the appeal was not signed timely for it was not perfected within ninety (90) days of the refusal to grant a new trial as provided for by Article 2087 of the LSA-Code of Civil Procedure.
Article 2087 of the LSA-Code of Civil Procedure states, in substance, that a devol-utive appeal must be perfected within ninety (90) days of the expiration of the delay, for applying for a new trial.
Article 2121 of the LSA-Code of Civil Procedure provides, in part, that an appeal is taken by obtaining an order therefor, within the delays allowed, from the court which granted the judgment; and that the order of appeal may be granted on oral motion in open court or by petition.
Although counsel for appellants contends that the motion for appeal was mailed in time to have reached the trial judge’s office on June 13, 1963, (the last day within which the devolutive appeal could have been perfected) counsel did not formally file his motion timely (see also Articles 282 and 283 of the LSA-Code of Civil Procedure, authorizing the Clerk of Court to sign orders of appeal and fix appeal bonds), nor did he take adequate steps to assure that the order of appeal was presented to the trial court or to the other two judges of the judicial district, so as. to permit a timely granting of the appeal.
Under the applicable provisions of the law, the last day which appellants could take a devolutive appeal was June 13, 1963. Since the order of appeal was not signed until June 14, 1963, ninety-one (91) days had elapsed from the refusal to grant a new trial, and under the provisions of Article 2087 of the LSA-Code of Civil Procedure, the appeal was filed too late. Accordingly, the appeal must be dismissed.
Appeal dismissed.