BAILES, Judge.
From our review of the record of this suit, it is our opinion that we are without any authority to hear it on appeal.
The record shows that the judgment was signed by the trial judge on July 26, 1966, and notice of the signing of the judgment was mailed to the parties on the same day. The defendant filed his appeal bond on October 28, 1966.
The record reflects that the deputy, clerk of court of East Baton Rouge Parish mailed notices of the signing of the judgment to each counsel of record on July 26, 1966, as required by LSA-C.C.P. Article 1913. Therefore, under the provisions of LSA-C.C.P. Article 1974, the delay for applying for a new trial began to run on Wednesday, July 27, 1966, and terminated on Friday, July 29, 1966. It is noted that these three days included no legal holidays.
Under the provisions of LSA-C.C. P. Article 2087, the delay for taking a devolutive appeal began to run on July 30, 1966, and terminated ninety days' thereafter, or on October 27, 1966. Thus when the defendant filed his appeal bond on October 28, 1966, the delay for taking a devolutive appeal had elapsed.
When the time for taking a devolutive appeal has elapsed, the right to appeal no longer exists and the appellate court has no jurisdiction and cannot legally take cognizance of the appeal. See Britt v. Brocato (La.App.1965) 170 So.2d 516; In re Kitchen’s Tutorship (La.App.1964) 162 So. 2d 826; Pennison v. Pennison (La.App. 1963) 157 So.2d 628; Dore v. Leblanc (La. App.1963) 155 So.2d 236; Stevens v. Daigle & Hinson Rambler, Inc. (La.App. 1962) 148 So.2d 105 and Rolston v. Lafayette Concrete Pipe Co. (La.App.1962) 144 So.2d 924.
Therefore, for the reasons assigned above, this appeal is dismissed.
Appeal dismissed.