LANDRY, Judge.
Defendant Jules Adrain Castille has taken this appeal from the judgment of of the lower court rejecting his suit for custody of three minor children, all issue of his prior marriage to plaintiff-appellee, Lelia Inez Kimble Castille.
We note ex proprio motu this appeal must be dismissed because of appellant’s failure to timely post the appeal bond required by law.
The record reveals that on February 5, 1968, appellant’s rule for a change in custody of the minors involved was tried and judgment rendered in open court dismissing and rejecting appellant’s application. Judgment in accordance with said determination was signed on February 28, 1968.
Appellant did not apply for a new trial but on March 26, 1968, petitioned the trial court for a suspensive appeal. On March 27, 1968, the trial court granted appellant a devolutive appeal which is the only appeal permissible in matters of this nature. See La.C.C.P. Articles 3942 and 3943.
An appeal bond in the sum of $100.00 was filed by appellant on April 25, 1968, which under the circumstances, was not timely.
La.C.C.P. Article 3943 expressly provides that an appeal from a judgment awarding custody of a person can be taken only within the delay provided in La. C.C.P. Article 3942. It also stipulated such an appeal shall be devolutive only.
The delay for appeal set forth in La. C.C.P. Article 3942 is thirty days from the applicable date provided for in La.C.C.P. Article 2087(1) — (3).
Insofar as the present appeal is concerned, LSA-C.C.P. Article 2087 provides that except as otherwise stated in said article or by other law, a devolutive appeal shall be taken and the security therefor furnished within 90 days of expiration of the delay for applying for a new trial as provided in LSA-C.C.P. Article 1974. In the case at hand the delay is not ninety days but thirty days inasmuch as LSA-C.C.P. Articles 3942 and 3943, providing a delay of thirty days, constitute one of the exceptions expressly recognized in Article 2087, supra.
In view of the provisions of the cited applicable statutes, it was incumbent upon appellant herein to take and perfect his appeal by filing his appeal bond within thirty days of expiration of the delays afforded for application for a new trial.
LSA-C.C.P. Article 1974 fixes the delay for applying for a new trial as three days, *836 exclusive of holidays, commencing the day after the clerk has mailed or the sheriff has served the notice of judgment required by LSA-C.C.P. Article 1913.
No notice of judgment was required in the case at hand. In this regard LSA-C.C.P. Article 1913 provides that such notice is mandatory only (1) when judgment is rendered by default against a defendant not personally served and (2) where a case is taken under advisement. Neither condition exists in the case at bar. Consequently no notice of judgment was required to be served upon appellant herein.
We note judicially that in the month of February, 1968, there were twenty-nine days. The judgment herein appealed having been signed Wednesday, February 28, 1968, the delays for applying for a new trial herein commenced Thursday, February 29, 1968. Saturday and Sunday, March 2 and 3, 1968, being legal holidays, the three day delay afforded appellant expired Monday, March 4, 1968. Consequently, the thirty day interval allotted appellant in which to take and perfect his appeal commenced March 5, 1968, and expired April 3, 1968. As previously noted, the required bond was not posted until April 25, 1968, which was untimely.
It has been repeatedly held that failure to take an appeal and post the prescribed bond within the time allotted by law is fatal to the appeal. The rationale of the decisions is that jurisdiction does not vest in the appellate court unless bond is timely posted. Arnold v. Arnold, 217 La. 362, 46 So.2d 298; State Through Dept. of Highways v. Nevils, 198 So.2d 706; Loftin v. Knost, 197 So.2d 910; Dupre v. Hartford Accident & Indemnity Co., 197 So.2d 119.
Accordingly, jt is ordered, adjudged and decreed that the appeal of defendant Jules Adrain Castille be and the same is hereby dismissed at appellant’s cost.
Appeal dismissed.