PRICE, Judge.
This is an appeal from a judgment by the district court increasing child support from $40.00 to $70.00 per month.
On September 24, 1970, Harold D. Lenard initiated a rule ordering Virginia Lenard Johnson to show cause why a prior judgment should not be amended reducing the amount of child support owed by him from $80.00 to $40.00 per month. The defendant in rule reconvened, seeking an increase in support to $200.00 per month.
On December IS, 1970, after a trial of the rule, a judgment was signed increasing the amount of support from $40.00 to $70.-00 per month. On this same date, December 15, 1970, Virginia Lenard Johnson moved for orders of devolutive appeal. However, the appeal bond was not filed until more than thirty days after the delay for applying for a new trial.
As we recently reiterated in Wynder v. Wynder, 240 So.2d 425 (La.App.2d Cir., 1970), an appellate court is bound to take cognizance sua sponte of its lack of jurisdiction due to an untimely filed appeal bond.
Louisiana Code of Civil Procedure, article 3943, provides in part:
“An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942.”
Article 3942 specifies a delay of thirty days. From the record in this case we *842 find the appellant did not timely file her appeal bond, thus depriving this court of jurisdiction to further consider the matter.
For these reasons, this appeal is dismissed at appellant’s cost.