LOTTINGER, Judge.
This is a suit by Bernard L. Malone, Jr. against his former wife, Martha Blasco Malone, for the termination of alimony payments which petitioner was condemned to pay in the judgment of divorce secured between the parties on May 3, 1970. The Lower Court awarded judgment in favor of defendant and against petitioner dismissing petitioner’s demand, and petitioner has taken this appeal.
This case was consolidated for purposes of trial with a suit filed by the defendant against the petitioner to make execu-tory past due alimony payments in suit number 8929. Both cases will be treated in this opinion, however separate judgments will be rendered. '
The record discloses that the parties were divorced on March 3, 1970 at which time petitioner was condemned to pay $375.00 per month as child support for his three minor children and $125.00 per month as alimony. The wife was not employed at the time, but became employed almost immediately thereafter at a salary of $530.-00 a month giving her a gross income of $1,030.00 per month, including the child support payment. In June 1970, the community was settled and the net worth of Mrs. Malone’s share was about $9,000.00.
This action was then commenced to terminate alimony because of the change in conditions of Mrs. Malone. The petitioner discontinued paying alimony and prayed that alimony be terminated effective the date of the filing of the petition. His wife then commenced suit number 8929 against petitioner to make the alimony payments executory.
This Court, ex proprio motu examined the record in the case and found that ap *256 parent!y the appeal bond was not timely filed. We therefore ordered the parties to show cause by briefs, on or before the 19th day of April 1972, why the appeal should or should not be dismissed.
The judgment refusing to terminate the alimony was signed on November 10, 1971, and it dismissed petitioners demand at his cost. On that same date, the clerk mailed notice of judgment to council of record of petitioner herein.
On November 16, 1971, petitioner filed a motion for a new trial. On November 17, 1971, the court denied the motion for a new trial, and on November 19, 1971, an order of devolutive appeal by petitioner was entered by the family court. The appeal bond was not filed with the clerk until December 23, 1971.
Article 1913(2) of the Louisiana Code of Civil Procedure provides that when the court takes a case under advisement notice of the signing of a final judgment shall be mailed to council of record. This was done.
Article 1974 provides that a delay for applying for a new trial shall be three days exclusive of legal holidays. It further states that when notice of judgment is required by Article 1913, the delay commences to run on the day after the clerk had mailed the notice of judgment.
Title 1, Section 55 of the Louisiana Revised Statutes provides that November 11 (Veterans Day) is a legal holiday. Thus, the delay for applying for a new trial began to run November 12, 1971, a Friday. November 13 and November 14, Saturday and Sunday, were legal holidays. Thus the last day for applying for the new trial was timely filed on November 16, 1971.
The Lower Court did not take the motion for a new trial under advisement but rather denied it ex proprio motu on November 17, 1971. No written request for notice of rendition of the interlocutory order was filed by petitioner, and therefore, the delay for appeal began to run November 18, 1971 according to the provisions of Article 5059 of the Louisiana Code of Civil Procedure.
Article 2087 of the Louisiana Code of Civil Procedure provides general dispositions relative to delays for devolutive appeals. The delays as set forth in said Article is 90 days, however there are certain exceptions. One of the exceptions is set forth in Article 3943 of the Code of Civil Procedure which provides as follows :
“An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942 (30 days). Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.” (Parenthesis furnished.)
In Castille v. Castille, 221 So.2d 834, this Court had before it an appeal from a judgment of the Lower Court rejecting petitioners suit for custody of three minor children. In that case we dismissed the appeal because of the failure of the appellant to timely post the appeal bond within thirty days as required by Article 3943.
In the Castille case, we said:
“Insofar as the present appeal is concerned, LSA-C.C.P. Article 2087 provides that except as otherwise stated in said article or by other law, a devolu-tive appeal shall be taken and as security therefor furnished with 90 days of expiration of the delay for applying for a new trial as provided in LSA-C.C.P. Article 1974. In the case at hand the delay is not ninety days but thirty days inasmuch as LSA-C.C.P. Articles 3942 and 3943, providing a delay of thirty days, constitute one of the exceptions expressly recognized in Article 2087, supra.
*257 “In view of the provisions of the cited applicable statutes, it was incumbent upon appellant herein to take and perfect his appeal by filing his appeal bond within thirty days of expiration of the delays afforded for application for a new trial.
* * * * * *
“It has been repeatedly held that failure to take an appeal and post the prescribed bond within the time allotted by law is fatal to the appeal. The rationale of the decisions is that jurisdiction does not vest in the appellate court unless bond is timely posted. Arnold v. Arnold, 217 La. 362, 46 So.2d 298; State Through Dept. of Highways v. Nevils [La.App.], 198 So.2d 706; Loftin v. Knost [La.App.], 197 So.2d 910; Dupre v. Hartford Accident & Indemnity Co. [La.App.], 197 So.2d 119.”
In this case, we are faced with an appeal from a judgment of the Lower Court rejecting petitioners suit for termination of alimony.
We feel that the same reasoning which we applied to the Castille case is applicable here. The judgment herein appealed from refused to terminate the wife’s alimony and was, therefore, synonymous to a judgment awarding alimony or continuing the alimony in effect.
Although the petitioner has cited Antis v. Derussy, La.App., 173 So.2d 544 in support of its demand, it was the holding of the Court in said case that the provisions of Article 3942 of the Code of Civil Procedure prohibits suspensive appeals only from “a judgment awarding alimony.” The appeal in that case was from a judgment terminating the alimony payments, which is not the case before us at the present time.
The petitioner further cites Granger v. Granger, 193 So.2d 898, wherein the court held that a motion to make payments of alimony executory is not a judgment awarding alimony within the purview of such said article, and Elchinger v. Elchinger, 181 So.2d 297 wherein the court held that said article prohibits suspensive appeals from judgments awarding alimony, not from judgment for alimony already awarded but in arrears.
Under the provision of Article 3943, and the decision in Castille v. Castille, supra, the defendant herein had a period of 30 days within which to perfect his appeal. As the bond herein was not timely filed, the appeal has not been perfected and will be dismissed.
With regards to suit No. 8929, the record discloses that on November 10, 1971, the judgment was rendered, read and signed in favor of Mrs. Malone and against her husband in the sum of $750.00, representing alimony in arrears to and including November 1, 1971, and such judgment was thereby made executory.
Mr. Malone, who is defendant in the said suit, now claims that the trial judge erred in making the alimony payments executory. He now claims that his wife lost her right to alimony when it became “unnecessary” according to Article 160 of the Louisiana Civil Code, and that the judgment terminating that right should be retroactive to the filing of the suit for termination.
Of course, there is still an outstanding judgment for alimony in favor of Mrs. Malone, in view of the fact that the appeal in Suit No. 8930 has been dismissed, and the argument of council is now moot.
For the reasons hereinabove assigned, there will be judgment herein in favor of petitioner and against defendant dismissing this appeal. All costs shall be paid by defendant.
Appeal dismissed.