271 So.2d 670 (1972)
Jolie G. PICINICH
v.
Marion J. PICINICH.
No. 9077.
Court of Appeal of Louisiana, First Circuit.
December 26, 1972.
*671 Charles L. Miller, Baton Rouge, for appellant.
Richard E. Burton (Burton & Roberts), Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and CUTRER, JJ.
CUTRER, Judge.
Marion J. Picinich appeals from a judgment of the Family Court of the Parish of East Baton Rouge which ordered payment to Jolie Picinich of $1,180.00 of past due alimony for the maintenance and support of the three children. The judgment also rejected a request by Jolie Picinich for an increase for alimony for the maintenance and support of their three children. The judgment further rejected a request by Marion J. Picinich for a decrease for alimony for the maintenance and support of the children.
Upon trial of this matter, it was stipulated that Marion J. Picinich owed $1,180.00 for past due alimony for child support. When this stipulation was agreed upon and entered, counsel for Jolie Picinich waived the rule for an increase in alimony for child support. The rule for a decrease in alimony for child support, filed by Marion J. Picinich, was then tried on the merits. *672 There is no issue on appeal as to the correctness of the trial court's judgment for the past due alimony of $1,180.00. Thus that portion of the judgment shall be affirmed.
The appeal from this portion of the judgment was timely filed as it is not limited to thirty days under the provisions of LSA-C.C.P. Article 3943. Granger v. Granger, 193 So.2d 898 (La.App.3d Cir. 1967). The appeal, however, from the portion of the judgment rejecting a decrease in alimony for child support is subject to the thirty day limitation of LSA-C.C.P. Article 3942.
The record reveals that the appeal, insofar as it denies a decrease in alimony for child support payments, must be dismissed, ex proprio motu, for the reason that the same was not timely perfected (within thirty days) and this court is without jurisdiction as to this portion of the appeal.
The judgment appealed from, for oral reasons assigned, was rendered on January 13, 1972 and signed January 25, 1972. A written motion for a new trial was filed by appellant on January 27, 1972. The minutes of the court reflect that on February 17, 1972 argument was heard and the court, for oral reasons assigned, rendered judgment denying the motion for a new trial. A formal judgment conforming to the minute entry of February 17, 1972 was signed on March 30, 1972.
LSA-C.C.P. Article 3943 provides that only a devolutive appeal may be taken from a judgment awarding alimony and same must be taken within the thirty day period provided for in LSA-C.C.P. Article 3942. The thirty day period began running on February 17, 1972. The judgment denying the motion for a new trial is interlocutory and need not be signed. The motion for the new trial was heard and denied forthwith, thus no notice of such judgment is required under the provisions of LSA-C.C.P. Article 1914. Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1st Cir. 1971).
This appeal was filed April 7, 1972 and the bond was filed May 2, 1972. Both the appeal and bond were filed after the thirty day period set forth in LSA-C.C.P. Article 3942.
For the above and foregoing reasons the appeal from that portion of the judgment rejecting the request for a decrease in alimony for child support is dismissed. The judgment is affirmed otherwise. Appellant to pay costs of this appeal.
Affirmed in part, dismissed in part.