282 So.2d 119 (1973)
Bernard L. MALONE, Jr.
v.
Martha Blasco MALONE.
Martha Blasco MALONE
v.
Bernard L. MALONE, Jr.
No. 52790.
Supreme Court of Louisiana.
August 20, 1973.
McKinnis, McGehee & Schroeder, E. Drew McKinnis, Baton Rouge, for plaintiff-applicant.
Anthony J. Graphia, Baton Rouge, for defendant-respondent.
DIXON, Justice.
The issue before this court is whether the delay for perfecting an appeal from a judgment denying a motion for the termination of alimony is thirty days as provided by C.C.P. 3943 or ninety days as provided by C.C.P. 2087.
On March 3, 1970 Martha Blasco Malone was granted a divorce from Bernard L. Malone, Jr. The judgment also awarded her custody of the three surviving children born of the marriage and ordered Bernard L. Malone, Jr. to pay her $325 per month for child support and $125 per month as alimony.
On April 12, 1971 the ex-husband petitioned the trial court for a judgment terminating the alimony payments to his *120 former wife. The ex-wife then petitioned the court for a judgment for alimony payments which were in arrears. The two suits were consolidated for the purposes of trial.
On November 10, 1971 the court rendered separate judgments dismissing the ex-husband's petition for the termination of alimony and granting the ex-wife $750 in past due alimony. The ex-husband petitioned the court for a new trial, which motion was denied November 17, 1971. On November 19, 1971 the ex-husband was granted devolutive appeals from the judgments of the family court. On December 23, 1971 the appeal bond was filed in the trial court.
The Court of Appeal, acting on its own motion, found that appellant's bond had not been timely filed and dismissed his appeal. 265 So.2d 255 and 265 So.2d 258. We issued a writ of certiorari to review the dismissal of the ex-husband's appeal from the judgment refusing to terminate alimony. 262 La. 1168, 266 So.2d 447 (1972).
Jurisdiction vests in the appellate court only when the appellant both has obtained an order of appeal and has filed the appeal bond in the trial court within the time allotted by law. Louisiana Constitution of 1921, Art. VII, § 24; Code of Civil Procedure Arts. 2088 and 2121; Southern Construction Co. v. Housing Authority of City of Opelousas, 250 La. 569, 197 So.2d 628 (1967); Arnold v. Arnold, 217 La. 362, 46 So.2d 298 (1950).
This appellant-relator timely obtained an order of appeal, but did not timely file his appeal bond in the trial court. Therefore, the Court of Appeal correctly dismissed the appeal for lack of jurisdiction.
Relator's motion for a new trial was filed on November 16, 1971. The trial court did not take the motion under advisement, but rather denied it in open court on November 17, 1971. Thus, the delay for perfecting an appeal from the judgment refusing to terminate alimony commenced to run on November 18, 1971. C.C.P. 1914 and 2087. The appeal bond, which was filed on December 23, 1971, was filed on the thirty-sixth day following the commencement of the delay for perfecting the appeal.
The delay in which devolutive appeals from most judgments may be perfected is specified in C.C.P. 2087. That article provides, in pertinent part:
"Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
"(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914;"
Thus, under the generally applicable delay period, relator's appeal was timely filed.
However, the delay period of C.C.P. 2087 is not applicable to devolutive appeals from certain judgments. C.C.P. 3943 provides:
"An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony."
The delay provided in C.C.P. 3942 is thirty days from the date the delay commenced to run as provided by C.C.P. 2087.
Relator contends that C.C.P. 3943 does not govern his appeal because the judgment he appealed is one refusing to terminate alimony, not a "judgment awarding" alimony. The Court of Appeal, relying on Castille v. Castille, 221 So.2d 834 (La. App. 1st Cir. 1969), reasoned that "(t)he judgment herein appealed from refused to terminate the wife's alimony and was, therefore, synonymous to a judgment awarding alimony or continuing the alimony *121 in effect." 265 So.2d at 257. Thus, the Court of Appeal concluded that the appeal was governed by the provisions of C.C.P. 3943.
The main purpose of Article 3943, which has no counterpart in the Code of Practice, is to codify the jurisprudential rule denying a suspensive appeal in custody cases and to provide a wife necessary support pending appeal, by legislatively overruling jurisprudence which held that suspensive appeals could be taken from judgments awarding alimony. C.C.P. 3943, Official Revision Comments. However, the wording of the article is unfortunate: "judgment awarding," which appears in the first sentence of the article, appears to demand a restricted application of Article 3943, but "judgment relates to," which appears in the second sentence of the article, seems to indicate a broader application of the article.
The courts have had no trouble applying C.C.P. 3943 to appeals from judgments establishing the obligation of paying alimony or granting custody. See, e. g., Wood v. Beard, 268 So.2d 152 (La.App. 3d Cir. 1972), Kinnaird v. Kinnaird, 260 So.2d 802 (La.App. 2d Cir. 1972), writ refused 261 La. 1065, 262 So.2d 44 (1972), Benoit v. Blassingame, 249 So.2d 302 (La.App. 1st Cir. 1971), writ refused 259 La. 760, 252 So.2d 456 (1971), Lenard v. Johnson, 248 So.2d 841 (La.App. 2d Cir. 1971), Kleinpeter v. Kleinpeter, 246 So.2d 240 (La.App. 1st Cir. 1971), Cookmeyer v. Cookmeyer, 244 So.2d 78 (La.App. 4th Cir. 1970), Bowden v. Bowden, 203 So.2d 879 (La.App. 1st Cir. 1967).
Confusion has arisen when the judgment being appealed was rendered pursuant to a rule or a petition for the modification or termination of alimony or custody. Usually, the appellate courts have either construed the judgments to be analogous to "judgments awarding" alimony or custody or have merely applied C.C.P. 3943 to the appeal without articulating their rationale. Picinich v. Picinich, 271 So.2d 670 (La. App. 1st Cir. 1972), Crum v. Crum, 261 So.2d 358 (La.App. 1st Cir. 1972), McNeill v. McNeill, 257 So.2d 767 (La.App. 4th Cir. 1972), Cilano v. Cilano, 255 So.2d 634 (La.App. 1st Cir. 1971), Castille v. Castille, supra. However, some courts have found that judgments which either terminate or deny alimony or custody are not governed by C.C.P. 3943. King v. King, 253 So.2d 660 (La.App. 1st Cir. 1971), writ refused 260 La. 128, 255 So.2d 353 (1971),[1] Derussy v. Derussy, 173 So.2d 544 (La.App. 4th Cir. 1965).
Such confusion could not have been intended by our legislature. The uniform treatment of judgments relating to alimony or custody seems to have been intended. Such treatment would not subvert the purpose of C.C.P. 3943, but would eliminate the unnecessary confusion caused by that article. Strong reason supports the policy of expediting appeals in alimony and custody matters.
Therefore, we hold that appeals from judgments awarding, denying, modifying or terminating alimony or custody are governed by the provisions of C.C.P. 3943.
The judgment of the Court of Appeal is affirmed at appellant-relator's cost.
NOTES
[1] This court denied the writ application with the following comment: "There is no error of law in the judgment under the assignment of errors." The appellate court's interpretation of C.C.P. 3943 was not assigned as an error.