REDMANN, Judge
(dissenting).
“Except as otherwise provided in this article [C.C.P. 2087] or by other law, [1] an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and [2] the security therefor [may be] furnished within ninety days . . . .” (Bracketed matter and emphasis added.)
C.C.P. 3943 provides “An appeal from a judgment awarding custody ... or alimony can be taken only within the delay [30 days] provided in Article 3942. Such an appeal shall not suspend the execution of the judgment . . . .” But C.C.P. 3943 does not add that the security for such an appeal can only be furnished within 30 days: therefore, as to the 90 days for furnishing security, C.C.P. 3943 does not “otherwise provide” than the provision of C.C.P. 2087, and C.C.P. 2087 therefore controls.
This court has already ruled that when a statute allows an appeal to be granted only within ten days, without similarly limiting the time for furnishing security, security may be furnished within the 90 days of C.C.P. 2087; Martin v. Martin, La.App. 1969, 228 So.2d 355 (ruling on appeals from city courts under C.C.P. 5002 prior to its 1970 amendment).
*1031 Malone v. Malone, La.1973, 282 So.2d 119, reaches a result opposite to that here espoused. However, Malone does not even hint at the argument we face from the literal meaning of C.C.P. 2087. Malone was concerned only with the argument that a judgment refusing to terminate alimony is not a “judgment awarding” alimony within C.C.P. 3943.
Particularly because we are a civil law jurisdiction, we should not be blind followers of the supreme court’s results when the wording of binding legislation dictates an opposite result, and that wording was not argued to the supreme court. Our supreme court is already heavy-burdened. We ought not unnecessarily to burden it further by an erroneous concept of following its results while forcing litigants with statutory rights to obtain them only by applying to the supreme court. Because Malone did not ask it, the supreme court did not decide the question we are asked. We should now do so, in favor of this appeal.