CULPEPPER, Judge.
ON MOTION TO DISMISS THE APPEAL
The appellee and defendant in rule, Shelby Jean Truax Zaunbrecher, moves to dismiss the appeal of the appellant and plaintiff in rule, Stephen Zaunbrecher, on the *798 grounds that the appellant’s appeal was not timely perfected.
We dismiss the appellant’s appeal.
The pertinent facts, succinctly stated, are as follows:
On April 26, 1976, written reasons were rendered denying appellant’s rule for a reduction in child support payments. A final judgment was signed and rendered on May 4, 1976, and notices of judgment were mailed on May 7, 1976. The appellant did not petition for and perfect his appeal until August 3, 1976.
Articles 3942 and 3943 of the Code of Civil Procedure clearly provide that an appeal from a judgment awarding alimony must be taken within 30 days from the. applicable date provided in Article 2087[1]-[3] of the Code of Civil Procedure. Our jurisprudence has interpreted Article 3943 as governing all appeals concerning alimony, including those that merely deny a rule to reduce it. Malone v. Malone, La., 282 So.2d 119 (1973); and Picnich v. Picnich, 271 So.2d 670 (La.App. 1st Cir. 1972).
Under Article 2087[1] the appellant’s time in which to apply for a new trial expired on May 18, 1976. Counting 30 days from May 18, 1976, the appellant’s time in which to perfect his appeal under the provisions of Article 3943 expired on June 17, 1976. Since the appellant did not perfect his appeal until August 3, 1976, his appeal was not timely and therefore must be dismissed.
APPEAL DISMISSED.