JUDGMENT ON MOTION TO DECLARE SUSPENSIVE APPEAL NULL AND VOID.
Petitioner, Patricia Ash Lacour, seeks to prohibit her husband from taking a suspen-sive appeal from a judgment accumulating back alimony and making the amount exec-utory. She asserts that our decision in the case of Elchinger v. Elchinger, 181 So.2d 297 (La.App. 4th Cir. 1965), Writ Refused, 248 La. 1098, 184 So.2d 23, is contrary to the language and purpose of Code of Civil Procedure Articles 3943 and 3945.
In the case of Malone v. Malone, 282 So.2d 119 (La.1973) the Supreme Court interpreted the purpose of C.C.P. Article 3943 as follows:
“[2] The main purpose of Article 3943, which has no counterpart in the Code of Practice, is to codify the jurisprudential rule denying a suspensive appeal in custody cases and to provide a wife necessary support pending appeal, by legislatively overruling jurisprudence which held that suspensive appeals could be taken from judgments awarding alimony. C.C.P. 3943, Official Revision Comments. How.ever, the' wording of the article is unfortunate: ‘judgment awarding,’ which appears in the first sentence of the article, appears to demand a restricted application of Article 3943, but ‘judgment relates to,’ which appears in the second sentence of the article, seems to indicate a broader application of the article.
[[Image here]]
“[3] Therefore, we hold that appeals from judgments awarding, denying, modifying or terminating alimony or custody are governed by the provisions of C.C.P. 3943.”
Although the decision in that case has broadened the application of Article 3943 to several instances not previously believed applicable, it makes no mention of including the Article 3945 proceeding for determination of alimony in arrears and making that amount executory. In view of the court’s ability to punish a non-paying husband for contempt of court for failure to pay timely, we cannot see the necessity for extending the Article 3943 rule to include Article 3945. Our courts have been consistent in so ruling, and we reaffirm our decision in Elchinger, supra. See Mertens v. Mertens, 308 So.2d 506 (La.App. 3rd Cir. 1975), Writ Refused, La., 313 So.2d 240; Picinich v. Picinich, 271 So.2d 670 (La.App. 1st Cir. 1972); Granger v. Granger, 193 So.2d 898 (La.App. 3rd Cir. 1967).
The motion to dismiss the suspensive appeal is denied.