DOMENGEAUX, Judge.
MOTION TO DISMISS
We issued, ex proprio motu, a rule to show cause why defendant-appellant’s appeal should not be dismissed due to his failure to timely move for an appeal. Appellant has not answered the rule.
We dismiss the appeal in part and maintain the appeal in part.
On October 6, 1977, the trial court signed a judgment making past due alimony exec-utory, and denied defendant’s request for a decrease in alimony pendente lite. On December 7, 1977, defendant applied for and obtained an order for a devolutive appeal. No bond was required since defendant is proceeding in forma pauperis. LSA-C.C.P. arts. 5181 and 5185.
Notice of judgment was mailed by the clerk of court on October 6, 1977. Since no new trial was requested, the delay for perfecting an appeal began on October 18, 1977. LSA-C.C.P. art. 2087.
An appeal from a judgment denying a rule to decrease alimony must be taken within 30 days from the applicable date provided in LSA-C.C.P. art. 2087(1)-(3). LSA-C.C.P. arts. 3943 and 3942. Zaunbrecher v. Zaunbrecher, 338 So.2d 797 (La.App. 3rd Cir. 1976). Thus, defendant had until November 16, 1977 within which to perfect his appeal as to this aspect of the judgment. Since the appeal was not perfected until December 7, 1977, this portion of the appeal must be dismissed.
However, the appeal is timely as to that aspect of the judgment making past due alimony executory. Such a judgment is not limited to thirty days under the provisions of LSA-C.C.P. art. 3943. Mertens v. Mertens, 308 So.2d 506 (La.App. 3rd Cir. 1975).
For the reasons assigned, the appeal from that portion of the judgment rejecting the request for a decrease in alimony is dismissed. As to that portion of the judgment making past due alimony executory, the appeal is maintained.
Appeal maintained in part, and dismissed in part.