389 So.2d 1375 (1980)
Janet Hamrick DONALDSON, Plaintiff-Appellant,
v.
Holmam Elwood DONALDSON, Defendant-Appellee.
No. 8044.
Court of Appeal of Louisiana, Third Circuit.
October 20, 1980.
Writ Refused November 26, 1980.
*1376 Woodley, Barnett, Cox, Williams & Fenet, James E. Williams, Lake Charles, for plaintiff-appellant.
Hunt, Godwin, Painter & Roddy, Fred R. Godwin, Lake Charles, for defendant-appellee.
Before GUIDRY, FORET and STOKER, JJ.
FORET, Judge.

MOTION TO DISMISS
The plaintiff-appellant appeals from a judgment of the trial court denying her alimony pendente lite. This court ex proprio motu issued a rule to show cause why the appeal should not be dismissed as being untimely under LSA-C.C.P. Art. 3943.
The judgment of the trial court was signed and notice of judgment mailed on March 25, 1980. A motion for new trial was timely filed, but was denied on April 30, 1980. This appeal was perfected on June 26, 1980, more than 30 days, but less than 60 days from the denial of a new trial.
The delay for taking an appeal from a judgment awarding custody or alimony is 30 days. LSA-C.C.P. Art. 3943. The plaintiff contends that LSA-C.C.P. Art. 3943 only applies to a judgment awarding custody or alimony and not a judgment denying custody or alimony. This contention is without merit.
This issue was squarely dealt with by the Supreme Court in Malone v. Malone, 282 So.2d 119 (La.1973). In Malone the Court concluded:
"... we hold that appeals from judgments awarding, denying, modifying or terminating alimony or custody are governed by the provisions of C.C.P. 3943."
The plaintiff relies on Derussy v. Derussy, 173 So.2d 544, (La.App. 4th Cir., 1965) to support her argument that LSA-C.C.P. Art. 3943 should only apply to judgments awarding alimony or custody. However, the Court in Malone, supra, disapproved of the decision in Derussy and held LSA-C.C.P. Art. 3943 applied to all judgments concerning alimony or custody. The holding in Malone, supra, has been uniformly followed by the Courts of Appeal. See: Matherne v. Matherne, 331 So.2d 55 (La.App. 1st Cir., 1976); Entrekin v. Entrekin, 325 So.2d 775 (La.App. 4th Cir., 1976); Langley v. Langley, 316 So.2d 868 (La.App. 2nd Cir., 1975).
For the above and foregoing reasons, this appeal is dismissed at the plaintiff-appellant's cost.
APPEAL DISMISSED.