MOTION TO DISMISS
CUTRER, Judge.
The Plaintiff-Appellant, James B. Slater, Jr., appeals from a judgment of the trial court denying him child support. This court, ex proprio motu, issued a rule to show cause why the appeal should not be dismissed as being untimely under LSA-C. C.P. art. 3943. The appellant has answered the rule.
The judgment of the trial court was signed and notice of judgment was mailed on September 4, 1980. No new trial was applied for. This appeal was taken on October 24, 1980, more than 30 days, but less than 60 days, from the expiration of the delay for applying for a new trial.
Articles 3942 and 3943 of the Code of Civil Procedure provide that an appeal from a judgment awarding alimony or custody must be taken within 30 days of the applicable date provided in LSA-C.C.P. art. 2087. Our jurisprudence has interpreted art. 3943 as governing all appeals concerning alimony or custody. In Malone v. Malone, 282 So.2d 119 (La.1973), the court held as follows:
*681 “Confusion has arisen when the judgment being appealed was rendered pursuant to a rule or a petition for the modification or termination of alimony or custody. Usually, the appellate courts have either construed the judgments to be analogous to ‘judgments awarding’ alimony or custody or have merely applied C.C.P. 3943 to the appeal without articulating their rationale. Picinich v. Picinich, 271 So.2d 670 (La.App. 1st Cir. 1972), Crum v. Crum. 261 So.2d 358 (La.App. 1st Cir. 1972), McNeill v. McNeill, 257 So.2d 767 (La.App. 4th Cir. 1972), Cilano v. Cilano, 255 So.2d 634 (La.App. 1st Cir. 1971), Castille v. Castille [221 So.2d 834 (La.App. 1st Cir. 1969)], supra. However, some courts have found that judgments which either terminate or deny alimony or custody are not governed by C.C.P. 3943. King v. King, 253 So.2d 660 (La.App. 1st Cir. 1971) writ refused, 260 La. 128, 255 So.2d 353 (1971), Derussy v. Derussy, 173 So.2d 544 (La. App. 4th Cir. 1965).

“Such confusion could not have been intended by our legislature. The uniform treatment of judgments relating to alimony or custody seems to have been intended. Such treatment would not subvert the purpose of C.C.P. 3943, but would eliminate the unnecessary confusion caused by that article. Strong reason supports the policy of expediting appeals in alimony and custody matters.

“Therefore, we hold that appeals from judgments awarding, denying, modifying or terminating alimony or custody are governed by the provisions of C.C.P. 3943.”

The plaintiff-appellant contends that LSA-C.C.P. art. 3943 pertains to alimony and custody judgments only, and not to judgments denying child support. This contention is without merit. In Zaunbrecher v. Zaunbrecher, 338 So.2d 797 (La.App. 3rd Cir. 1976), this court held that the delay for taking an appeal from a judgment denying a reduction in child support was governed by the provisions of LSA-C.C.P. art. 3943. Also, in the recent case of Donaldson v. Donaldson, 389 So.2d 1375 (La.App. 3rd Cir. 1980), this court held that an appeal from a judgment, denying alimony pendente lite, was governed by art. 3943. The same reasoning should apply to an appeal from a judgment denying child support.
Because this appeal was taken later than 30 days from the expiration of the delay for applying for a new trial, this appeal is not timely under LSA-C.C.P. art. 3943 and, therefore, must be dismissed.
APPEAL DISMISSED.