PONDER, Judge.
This court ordered the parties to show cause why this appeal should or should not be dismissed under the following circumstances.
Toyoko Rast, appellant, and her husband, Franklin D. Rast, filed a joint petition for a *373 legal separation. They entered into a stipulation, approved by the court, for a judgment governing custody, child support, visitation rights and alimony. At hearing, appellant was absent and appellee testified he was unwilling to separate by consent and that in fact he and his wife had been separated only a few days when the petition was filed. The court signed a judgment dismissing the suit on October 26, 1982. Appellant moved for a new trial, complaining of the voiding of the stipulated judgment coincidentally with the dismissal of the petition for separation.[1] A motion for a new trial, filed on November 2, was denied on November 9. The motion for appeal was filed and signed on January 6, 1983.
Articles 3942 and 3943 of the Louisiana Code of Civil Procedure read as follows:
Article 3942. An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(l)-{3).
Such an appeal shall suspend the execution of the judgment in so far as the judgment relates to the annulment, separation, or divorce.
Article 3943. An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.
Appellant’s contention that the thirty day period for appeal does not apply to a judgment denying custody or alimony has been found without merit in Malone v. Malone, 282 So.2d 119 (La.1973).
The arguments that recent cases indicate that claims for alimony, child custody and child support are independent causes of action are unavailing. Whether the claims be incidental or independent, appellant did not appeal within the thirty days mandated by Malone v. Malone, supra.
APPEAL DISMISSED.

. The judgment complained of dismissed appellant’s suit at her costs, effective as of September 21, 1982, although the judgment was rendered on October 8, 1982 and signed on October 26, 1982. Although the subject was not mentioned, evidently the effective date was made for the purpose of affecting custody, visitation, child support and alimony.