GOTHARD, Judge
Defendant, Jerry Anthony Gair, Sr. appeals a judgment of the trial court finding him in contempt of court for failure to pay back due child support and denying his motion for modification of child custody and reduction of child support.
Corliss Dee Gair filed a petition for divorce on May 13, 1991. A judgment rendered on that same day granted provisional custody and control of the couple’s three minor children to Mrs. Gair and ordered Mr. Gair to maintain existing health and hospitalization insurance on the children. A hearing on custody, visitation and child support, and other matters not relevant to this appeal was set for June 28, 1991.
The minute entry of June 28, 1991 indicates that a bench conference was held on that day resulting in an award of physical . custody of the children to the mother with reasonable visitation to the father. It is further indicated that child support was fixed at $600.00 per month and the father was to maintain health and hospitalization *12 insurance on the children. The transcript of that proceeding is not contained in the record and the decision was not reduced to judgment at that time.
On August 7, 1991, the father filed an answer and reconventional demand to the mother’s divorce in which he prayed for permanent custody of the children, a reassessment of Mr. Gair’s income and an award of child support to Mr. Gair. The matter was set for hearing on October 17, 1991.
On September 26, 1991, Mrs. Gair filed a rule for contempt asserting that Mr. Gair failed to pay $900.00 for back due child support and further that he was in arrears for the $600.00 per month child support ordered “in accordance with the Judgment rendered on June 28, 1991.” This matter was also set for October 17, 1991.
It appears that the trial judge considered Mr. Gair’s reconventional demand as a request to modify custody and to reduce child support. At the close of the hearing the trial court took the matter under advisement to review the transcript of the June 28, 1991 hearing since no written judgment was rendered in this matter. On November 8, 1991 the court rendered a judgment denying Mrs. Gair’s motion for contempt as it relates to the $900.00 back due child support, but granted the motion as it relates to child support from August, 1991 to October, 1991. The judgment denies Mr. Gair’s motion for modification and reduction of child support. Mr. Gair appeals from that judgment.
We note initially that Mr. Gair’s appeal of the denial of the modification of child custody and reduction of child support requests is untimely and cannot be considered by this court. The judgment from which Mr. Gair appeals was rendered on November 8, 1991. Notice of judgment was mailed to counsel of record on November 18, 1991. This appeal was filed on January 7, 1991.
Generally, a devolutive appeal may be taken within sixty days of
“The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely.”
LSA-C.C.P. art. 2087 A(l)
LSA-C.C.P. art. 1974 provides that the delay for filing a new trial motion is seven days, exclusive of holidays from the day after the clerk has mailed the notice of judgment in matters taken under advisement. See LSA-C.C.P. art. 1913. Thus the delay for filing a devolutive appeal began on November 23, 1991 and expired on January 21, 1992.
However, LSA-C.C.P. art. 3943 provides an exception to the general rule outlined above. That article provides, in pertinent part, that a judgment awarding custody or alimony can only be taken within the delay provided by LSA-C.C.P. art. 3942, which is thirty days. Alimony as used in LSA-C.C.P. art. 3943 includes child support. Picinich v. Picinich, 271 So.2d 670 (La.App. 1st Cir.1972).
Consequently, the appeal from those portions of the judgment denying the modification of custody and reduction of the award of child support is final as the delays for timely appeal elapsed before the filing of this appeal and we are without jurisdiction to consider those matters.
That portion of the judgment finding Mr. Gair in contempt and ordering him to pay child support from August, 1991 to October, 1991 was not assigned as error and not discussed in brief to this court. Thus, that portion of the judgment will not be considered in this appeal. Uniform rules of court 2-12.4.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.