h COOKS, Judge.
The Defendant-Appellee, Clifford Williams, moves to dismiss, as untimely perfected, the appeal filed by the Plaintiff-Appellant, the State of Louisiana. Alternatively, Williams filed an Answer to the appeal. For the reasons discussed below, we hereby grant the motion and dismiss the appeal.
The State of Louisiana initiated this paternity and child support action against the Defendant. On August 26, 1996, the trial court signed a judgment in accordance with the recommendation of the hearing officer against the Defendant finding that the Defendant was the natural father of the minor child involved. In addition to disposing of other ancillary matters, this judgment also cast the Defendant in judgment for monthly child support of $250.00 and required him to maintain health insurance on the child.
Subsequently, the State filed a motion to increase the child support award. The hearing officer assigned this matter issued a recommendation on October 1, 2001, that the child support be increased to $300.00 per month. The Defendant timely objected to the hearing officer’s recommendation. The Defendant also filed a motion to reduce the child support obligation which, in addition to asking for a reduction in the $250.00 monthly child support award, included a request that the Defendant be relieved of being required to maintain health insurance on the child. The hearing officer recommended the rejection of the Defendant’s motion to reduce the child support in the recommendation signed on February 4, 2002.
The Defendant objected to the recommendation. On February 21, 2002, the trial court held a hearing on the Plaintiffs motion to increase the child | ?,support and the Defendant’s motion to decrease the child support. By judgment signed on April 1, 2002, the trial court ordered that the Defendant’s child support obligation be increased from $250.00 to $290.29 per month. However, the trial court rescinded the requirement that the Defendant maintain health insurance on the minor child.
The district court clerk’s office mailed notice of the signing of the April 1 judgment to all counsel of record on April 5, 2002. The State filed a motion and order for a devolutive appeal with the trial court on May 30, 2002. The order granting the appeal was signed on June 6, 2002. The *1069 record in this appeal was lodged in this court on August 7, 2002. On August 13, 2002, the Defendant filed the motion to dismiss the appeal sub judice.
The pertinent portion of La.Code Civ.P. art. 3943 states, “An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942.” In La. Code Civ.P. art. 3942, the legislature has provided, “An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(A)(l)-(3).” The jurisprudence has long held that the time delay set by Article 3943 applies to judgments awarding, denying, modifying, or terminating alimony or custody. Malone v. Malone, 282 So.2d 119 (La.1973).
No motion for new trial was filed following the trial court’s judgment of April 1, 2002. Therefore, the State had thirty days from the mailing of the notice of judgment to file the motion and order for appeal with the trial court. As stated above, the motion and order for appeal were not filed’ until May 30, |32002, which date was well beyond this thirty day time period. Accordingly, we hereby grant the motion to dismiss the appeal. Costs of this appeal are assessed to the Plaintiff-Appellant, the State of Louisiana.

APPEAL DISMISSED.