I r BROWN, C.J.
The February 23, 2005, rule issued by this court to appellant Linda Ellis to show cause why her appeal should not be dismissed is hereby recalled, and the appeal is maintained.
The issue before this court is whether the delay for perfecting an appeal from a judgment finding that Linda Ellis was not free of fault and therefore not entitled to final periodic spousal support is thirty days as provided by C.C.P. 3943 or sixty days for taking a devolutive appeal as provided by C.C.P.2087.
C.C.P. 3943 provides:- “An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody, visitation, or support.” The delay provided in C.C.P. 3942 is thirty days.
In the instant case, if the thirty day period provided for in C.C.P. art. 3942 is applicable, Ms. Ellis had until October 18, 2004 to file. The first pleading that could be construed as an appeal, however, was not filed until October 27,2004.
Malone v. Malone, 282 So.2d 119 (La.1973) was an action by an ex-husband against an ex-wife for termination of alimony. In Malone, the supreme court noted that the main purpose of Article 3943 was to codify the jurisprudential rule denying a suspensive appeal in custody cases and to provide a wife necessary support pending appeal. The Malone court also noted that “[Hjowever, the wording of the article is unfortunate: ‘judgment | ^awarding,’ which appears in the first sentence of the article, appears to demand a restricted application of Article 3943, but ‘judgment relates to,’ which appears in the second sentence of the article, seems to indicate a broader application of the article.”
As the court in Malone observed, La. C.C.P. art. 3943 is confusingly worded. By its terms the article applies only to judgments “awarding custody, visitation, or support of a person .... ” The judgment in the instant case, unlike the judgment in Malone, is a judgment denying support, and we observe that the Civil *1290 Code articles on divorce and spousal support have been comprehensively revised since the decision in Malone.
La. C.C.P. art. 5051 provides:
The articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves.
Appeals are favored, and unless the ground urged for dismissal is free from doubt, appeals should be maintained. Shell Pipeline Corp. v. Kennedy, 2000-3207 (La.10/16/01), 799 So.2d 475. Under the current scheme, we believe the better rule is to apply La. C.C.P. art. 3943 as it is written in support cases, that is, only to judgments awarding support. Ms. Ellis’ appeal is thus timely as a devolutive appeal.
RULE TO SHOW CAUSE RECALLED; APPEAL MAINTAINED.
This order is designated for publication.