NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1297


EDWARD LEE RUBAR
VERSUS
STEPHANIE (WILSON) RUBAR


**********
APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75825
HONORABLE LESTER P. KEES, DISTRICT JUDGE


**********
GLENN B. GREMILLION
JUDGE


**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and James T. Genovese, Judges.


APPEAL DISMISSED.


Scott Westerchil
Attorney at Law
101 South First Street
Leesville, LA 71446
(337) 239-9076
COUNSEL FOR PLAINTIFF/APPELLEE:
 Edward Lee Rubar

Bradley O'Neal Hicks
Dowden & Hicks
116 East Lula Street
Leesville, LA 71446
(337) 238-2800
COUNSEL FOR DEFENDANT/APPELLANT:
 Stephanie (Wilson) Rubar

GREMILLION, Judge.

This court issued a rule for the defendant-appellant, Stephanie (Wilson) Rubar, to show cause, by brief only, why the instant appeal should not be dismissed as having been untimely taken. Receiving no response to this court's rule, we proceed to dismiss the appeal for the reasons assigned below.

In the course of these divorce proceedings, the trial court rendered judgment on June 16, 2006, pertaining to child custody and support matters, as well as issuing rulings pertaining to other ancillary matters. Notice of this judgment was sent to counsel for the parties on June 16. The defendant filed her motion for appeal on August 14, 2006. The trial court signed the order granting the appeal on August 18, 2006.

The record in this case was lodged with this court on October 6, 2006. The defendant filed her appellate brief with this court on November 13, 2006. On this same date, this court, *sua sponte*, issued the instant rule for the defendant to show cause, by brief only, why the appeal should not be dismissed as having been untimely taken. This court has received no response to this rule.

The delay for seeking an appeal from a ruling pertaining to child custody and support is provided by La.Code Civ.P. 3943, which reads, "An appeal from a judgment awarding custody, visitation, or support of a person can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend execution of the judgment insofar as the judgment relates to custody, visitation, or support." Louisiana Code of Civil Procedure Article 3942(A) reads, "An appeal from a judgment granting or refusing an annulment of marriage or a divorce can be taken only within thirty days from the applicable

1

date provided in Article 2087(A)(1)-(3)." The jurisprudence has long held that the time delay set by Article 3943 applies to judgments awarding, denying, modifying, or terminating alimony or custody. *Malone v. Malone*, 282 So.2d 119 (La.1973).

The defendant's appellate brief advances only two assignments of error: that the trial court abused its discretion in awarding the parties co-domiciliary status and an equal sharing plan and that the trial court erred in failing to award the defendant child support. Therefore, the appeal delays in this appeal are set by La.Code Civ.P. arts. 3942 and 3943.

Notice of the rendition of the appealed judgment in this case was sent by the clerk's office in the district court on June 16, 2006. No motion for new trial was filed in this case, and the delays for filing a motion for new trial ran on June 27. Therefore, in order to appeal this ruling as to the custody and child support issues, the appeal had to be taken no later than thirty days from June 27, which time delay expired on July 27, 2006. Since the motion for appeal was not filed until August 14, this appeal was taken untimely and must be dismissed at defendant's cost.

**APPEAL DISMISSED.**